GERTRUDE BOOKBINDER and Others, as Stockholders of The Chase National Bank of the City of New York and as Stockholders of The Chase Corporation, Suing on Their Own Behalf and on Behalf of All Other Stockholders of The Chase National Bank of the City of New York and of The Chase Corporation Similarly Situated, and Who May Desire to Join in This Action and Contribute to the Expense Thereof, Respondents, and KATHERINE SMITH and Others, Intervenors, Plaintiffs, *v.* THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK and Others, Appellants.*

First Department, May 31, 1935.

*Nathan L. Miller* and *Clarence J. Shearn* of counsel [*H. Bartow Farr, G. Winthrop Haight* and *George H. Jaffin* with them on the brief]; *Carter, Ledyard & Milburn,* attorneys for Vincent Astor and others; *Cravath, deGersdorff, Swaine & Wood,* attorneys for Winthrop W. Aldrich and others; *Simpson, Thacher & Bartlett,* attorneys for Harry M. Addinsell and others; *Sullivan & Cromwell,* attorneys for Jonas C. Andersen and others; *White & Case,* attorneys for Alfred P. Sloan, Jr.; *LeBoeuf, Winston, Machold & Lamb,* attorneys for H. Edmund Machold; *Cook, Nathan & Lehman,* attorneys for Frank Altschul; *Coudert Brothers,* attorneys for Frederic R. Coudert; *Larkin, Rathbone & Perry,* attorneys for Walter P. Chrysler; *Debevoise, Stevenson & Plimpton,* attorneys for Amerex Holding Corporation (formerly known as and sued as The Chase Corporation) and Metpotan Securities Corporation; *Milbank, Tweed, Hope & Webb,* attorneys for The Chase National Bank of the City of

---

* Revg. 153 Misc. 899.

New York; *Hornblower, Miller, Miller & Boston*, attorneys for Albert H. Wiggin, Murlyn Corporation and Shermar Corporation, for the appellants.

*Herman Shulman* of counsel [*Benjamin Algase* with him on the brief; *David L. Podell* and *Hays, Podell & Shulman* and *I. Gainsburg*, attorneys], for various respondents.

*Samuel J. Levinson* of counsel [*Frank Weinstein* with him on the brief; *Weinstein & Levinson*, attorneys], for the respondent Isidore Friedman.

GLENNON, J. The defendants have appealed from an order entered at Special Term, " framing the issues of negligence " for submission to a jury for trial in a derivative stockholders' action instituted by the plaintiffs, " suing upon their own behalf as stockholders and for the benefit of all other stockholders of The Chase National Bank of the City of New York similarly situated and of The Chase Corporation similarly situated, who may elect to come in and contribute to the expenses of this action." It is recited in the order now under review " that plaintiffs' motion be and it is hereby granted as a matter of right, pursuant to section 61 of the General Corporation Law, and not in the exercise of discretion."

The question to be determined may be briefly stated as follows: Are derivative stockholders' actions included by implication among those specified in section 61 of the General Corporation Law, which provides for the right of trial by jury of the issues of negligence? We believe that the question must be answered in the negative. Our reason is that the section does not confer any such right upon a stockholder who sees fit to come into equity and seek relief which has always been granted on that side of the court.

The section now under discussion reads as follows: " An action may be brought for the relief prescribed in the last section, by the attorney-general in behalf of the people of the state, or except for the relief specified in the third and fourth subdivisions, by the corporation or a creditor, receiver or trustee in bankruptcy thereof, or by a director or officer of the corporation.

" Upon the application of either party the court shall make an order directing the trial by jury of the issue of negligence, and for that purpose the questions to be tried must be prepared and settled as prescribed in section four hundred and twenty-nine of the civil practice act."

Section 60 of the General Corporation Law provides generally for actions against officers of a corporation for misconduct. In it is included, among other things, " any neglect of or failure to perform their duties, in the management and disposition of the funds and prop-

erty," and the right "To compel them to pay to the corporation, or its creditors, any money and the value of any property, which they have acquired to themselves, or transferred to others, or lost, or wasted, by or through any neglect of or failure to perform * * * their duties." If the Legislature had intended to extend the right of trial by jury to others than those named in actions founded upon the provisions of section 60, no difficulty would have been encountered in finding appropriate words to cover stockholders' derivative actions. It may well be that the Legislature in enacting section 61 of the General Corporation Law, had in mind that a great many baseless actions might be instituted by stockholders who, for their own benefit and not for the benefit of the corporation, might seek in a derivative form of action to mulct money out of the pockets of honest officers and directors. The right to a trial by jury in so far as the issue of negligence was concerned, was undoubtedly written into the section in order to avoid any constitutional question which might be raised in an action pending on the equity side of the court. Formerly, where a director was charged solely with negligence, the action was considered to be one at law, and it followed necessarily that either he or the party who was permitted to bring the action was entitled to a trial by jury. (See *Dykman* v. *Keeney*, 154 N. Y. 483.) But the plaintiffs here have no right to sue at law. Any relief to which they may be entitled can be had only in equity. (*O'Brien* v. *Fitzgerald*, 143 N. Y. 377; *Brinckerhoff* v. *Bostwick*, 105 id. 567.)

Sections 60 and 61 were formerly sections 90 and 91 of the General Corporation Law. In verbiage they are somewhat different, but in substance they are the same. In *Clubb* v. *Cook* (161 App. Div. 775; affd., 220 N. Y. 695) Mr. Justice SCOTT said: "From the form of relief demanded, as well as from the lack of any allegations in the complaint of any fraud, wrongdoing or misappropriation by the individual defendant, it would appear that the pleader originally intended to sue under the provisions of section 90 of the General Corporation Law (Consol. Laws, chap. 23; Laws of 1909, chap. 28), formerly section 1781 of the Code of Civil Procedure (as amd. by Laws of 1907, chap. 157), which permits an action to be maintained against one or more trustees, directors, managers or other officers of a corporation, to procure a judgment compelling the defendants to account for their official conduct, and compelling them to pay to the corporation any money found to be due.

"The plaintiff, however, now disclaims any intention of relying upon the statute referred to, as indeed she must do, because by section 91 of the General Corporation Law, formerly section 1282 of the Code of Civil Procedure, the only parties authorized to bring

such an action are the Attorney-General in behalf of the People of the State or a creditor of the corporation, a trustee, director, manager or other officer of the corporation having a general superintendence of its concerns. The plaintiff is neither of these. She is obliged to fall back, therefore, in order to uphold her judgment, upon the right of a stockholder to resort to a court of equity, in the right of the corporation, to obtain relief for which the corporation itself ought to sue, but for some reason will not."

The complaint now under consideration is addressed to the equity side of the court. It is not statutory in character. What the plaintiffs seek is an accounting. The cause of action is based principally upon alleged breaches of trust and improper conduct upon the part of seventy-six officers and directors who acted at different times over a period of seventeen years. While negligent acts are charged, it does not follow therefrom that the form of the action is different from that which is to be found in any other stockholder's suit.

This case in all its aspects is one which can be disposed of properly by the court without the aid of the jury. The order should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs.

MARTIN, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.