SALTZMAN v. BIRRELL et al.

District Court, S. D. New York.

June 5, 1948.

Mencher & Garwin, of Bronxville, N. Y.
(Pomerantz, Levy, Schreiber & Haudek, of
New York City, of counsel), for plaintiff

Corcoran & Kostelanetz, of New York City (Norman Aunenberg, of New York City, of counsel), for defendants Lowell M. Birrell, Stewart B. Hopps, and others.

Rein, Mound & Cotton, of New York City, for defendants Pioneer Equitable Ins. Co. and others.

Abraham M. Glickman, of New York City, for defendant Greater New York Industries, Inc.

Henry Steinberg, of New York City, for defendant Ruby Trading Corporation.

Swiger, Chambers, Kelly & Harrigan, of New York City (Norman Aunenberg, of New York City, of counsel), for defendant Securities Corporation General.

RIFKIND, District Judge.

Defendants in eleven motions have severally moved to dismiss the complaint on the grounds of improper venue, insufficiency of service of process, failure to join indispensable parties and forum non conveniens.

Plaintiff, a citizen of New Jersey, is the owner of 100 shares of stock in Claude-Neon, Inc. (hereinafter Claude), a New York corporation. He brings a stockholder's derivative action on behalf of Claude and other corporations, subsidiaries and sub-subsidiaries of Claude, against certain individuals and corporations, none a citizen of New Jersey. Jurisdiction of this court is invoked on the basis of diversity of citizenship.

The complaint alleges that the real defendants have, in a series of tortious transactions, mulcted Claude and its designated subsidiaries and sub-subsidiaries of large sums of money, and prays, inter alia, for an accounting to these corporations. Although the complaint as drawn does not itemize the several transactions into separately stated claims, the plaintiff so separates them in his brief.[1] Rule 10(b) of the

---

[1] According to plaintiff's brief, the paragraphs of the complaint may be broken down in the following manner:

I. In favor of Claude-Neon, Inc.:

| | |
|---|---|
| Par. 12a, 13b, 13c | — against Securities Corporation General and the individual defendants. |
| " 14–20 | — against all individual and real corporate defendants. |
| " 21, 22 | — against the individual defendants. |
| " 50, 51 | — against the individual defendants. |
| " 52, 53 | — against the individual defendants, and Greater New York Industries. |
| " 52, 54 | — against the individual defendants. |

II. In favor of Claude-Neon, Inc., Reeves-Ely Laboratories, and 300 Pearl Corporation:

| | |
|---|---|
| Par. 23–26 | — against the individual defendants and Greater New York Industries. |
| " 27–31 | — against the individual defendants and Greater New York Industries. |

III. In favor of Claude-Neon, Inc., and Pioneer Equitable Insurance Co.:

| | |
|---|---|
| Par. 8–11, 13a | — against all individual and real corporate defendants. |
| " 41–43, 47–49 | — against the individual defendants. |
| " 12b, 13b | — against the individual defendants and Securities Corporation General. |
| " 44, 45, 47–49 | — against the individual defendants. |
| " 46, 48, 49 | — against the individual defendants. |

IV. In favor of Claude-Neon, Inc., Pioneer Equitable Insurance, Rhode Island Insurance Co., and William Penn Fire Insurance:

| | |
|---|---|
| Par. 32–40 | — against the individual defendants and Greater New York Industries. |
| " 41–43, 47–49 | — against the individual defendants. |
| " 44, 45, 47–49 | — against the individual defendants. |
| " 46, 48, 49 | — against the individual defendants and Atlantic Brokerage Corp. |

Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, states, in part: "Each claim founded upon a separate transaction or occurrence * * * shall be stated in a separate count * * * whenever a separation facilitates the clear presentation of the matters set forth." Rule 8(f) says: "All pleadings shall be so construed as to do substantial justice." I believe that separation of the counts in the complaint will facilitate clear presentation of the matters set forth, and I shall order the complaint amended to that end. In view of the fact, however, that the plaintiff has recognized in his brief the separability of the transactions, I shall, for the purposes of the disposition of the motions now before me, treat the claims as separately stated, even though the motion papers treat the complaint as one claim and ask for relief on that basis.

A chart showing the corporate arrangement of Claude and its family of corporations is shown in the margin.[2] This will

[2] CORPORATE STRUCTURE OF THE CLAUDE GROUP OF COMPANIES

facilitate and permit the abbreviation of the discussion. The same end will be served by the classification of the parties.[3] No reference will be made to the nominal defendants Resolute Oil Company or Royal Petroleum Corporation, which were not served, and in whose behalf plaintiff says no claims are made. Plaintiff has agreed to dismissal of the complaint against United States & Foreign Agencies, Ltd., and International Management Corporation. With reference to these dismissals attention is directed to Federal Rules of Civil Procedure, Rule 23(c), for compliance therewith.

## I. Improper Venue

■■ Venue in this action is governed by § 51 of the Judicial Code, 28 U.S.C.A. § 112, the relevant portions of which are

[3] Parties Listed in Complaint

| Plaintiff | Corporations on Behalf of Which the Action is Brought | Real Individual Defendants | Real Corporate Defendants |
|---|---|---|---|
| | Non-New York | Non-New York | Non-New York |
| Saltzman (New Jersey) | Pioneer (Ind.) Rhode Island (R. I.) Penn (Pa.) Resolute Oil Royal Petroleum | Birrell Hopps MacKenzie Simpson Reinhold Corbett Ramey, G. Ramey, W. Krog Kennedy Butcher White Watson Ballon Peck Phillips Sterling Sweet | Securities Corp. General (Va.) Bartels Inc. (Pa.) Bartels Brewing (Pa.) Louisville Fire & Marine (Ky.) Arcturus (Can.) National Ins. (Colo.) U. S. & Foreign Agencies (Cuba) International Management (Pa.) |
| | New York | New York | New York |
| | Claude Reeves-Ely Pearl Corp. Hudson American Reeves Instrument | McAuliffe Birrell, H. Erb Cant Rust-Oppenheim Weigel Felt Weingart Stratton Bonner Ely Stone Kimelman Clarke Nikola Buysse Lamy Pell | Ruby Trading Atlantic Brokerage Metropolitan Commercial Greater New York |

quoted in the margin.[4] Stewart B. Hopps, a resident of Pennsylvania,[5] moves to dismiss because neither he nor the plaintiff nor any of the insurance companies in whose behalf the action is brought is a resident of this district. With respect to the claims on behalf of Rhode Island Insurance Company (hereinafter R. I.), a Rhode Island corporation, William Penn Fire Insurance Co. (hereinafter Penn), a Pennsylvania corporation, or Pioneer Equitable Insurance Co. (hereinafter Pioneer), an Indiana corporation, the motion is granted since neither the plaintiff nor Hopps resides in this district, nor is this district one in which the mentioned insurance companies could have brought suit against Hopps. This ruling implies that the "corporation" intended by the 1936 amendment to § 51 is the corporation for whose benefit the claim is asserted. Goldstein v. Groesbeck, 2 Cir., 1944, 142 F.2d 422, 426, 154 A.L.R. 1285, certiorari denied 323 U.S. 737, 65 S.Ct. 36, 89 L.Ed. 590, is not unequivocal on this question, but reads more easily with such a construction. Similar motions made by Lowell M. Birrell, a Pennsylvania resident,[6] and Securities Corporation General, a Virginia corporation, to dismiss for improper venue, are also granted, as to claims brought on behalf of the insurance companies.[7]

■ Claims alleged on behalf of Claude, Reeves-Ely Laboratories, Inc., and 300 Pearl Corporation, all New York corporations, are properly brought in this district. The last clause of § 51 of the Judicial Code permits a stockholder's derivative suit to be brought in any district where the corporation might have brought it; and it is not asserted that these New York corporations are not residents of this district. The contention of the movants that § 51 does not validate the venue because plaintiff owns no stock in any of the beneficiary corporations except Claude is likewise untenable. The claims on behalf of corporations connected with Claude by stock ownership are double, and in some cases triple derivatives. Double derivatives have been upheld in this Circuit; Goldstein v. Groesbeck, 2 Cir., 1944, 142 F.2d 422, 154 A.L.R. 1285; U. S. Lines v. U. S. Lines Co., 2 Cir., 1938, 96 F.2d 148. The justification for such suits was stated in the U. S. Lines case to be the control exercised by the alleged wrongdoers over both the parent and the subsidiary. The instant complaint alleges that all the corporations are controlled by the individual defendants. There is no sound reason why, if a double derivative is permissible, a triple derivative should not be, and indeed, Marcus v. Otis, 168 F.2d 649; decided by the Court of Appeals of this Circuit on May 20, 1948, tacitly assumes their validity, and Goldstein v. Groesbeck, supra, reveals that the corporation referred to in § 51 may be the corporate beneficiary in which the plaintiff owns no stock. Nor does it appear a wise course to establish, on these motions, a minimum requisite stock ownership by the parent in the subsidiary for institution of a multiple derivative suit. (100% ownership by Claude is not alleged as to all subsidiaries.)

■ Some of the moving defendants contend that, in order to sustain the venue by recourse to the last clause of § 51, diversity of citizenship must exist between the beneficiary corporation and the defendants, in order to satisfy the requirement

---

[4] "* * * but where the jurisdiction is found only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; except that suit by a stockholder on behalf of a corporation may be brought in any district in which suit against the defendant or defendants in said stockholders' action, other than said corporation, might have been brought by such corporation and process in such cases may be served upon such corporation in any district wherein such corporation resides or may be found."

[5] See discussion infra, p. 78 F.Supp. 785.

[6] See discussion infra, p. 78 F.Supp. 785.

[7] Any consent to be sued which the insurance companies may have filed in New York State would not change this result. The U. S. Supreme Court has recently held that such a consent is insufficient to make the consenting corporation a "resident" of the district for purposes of venue. Suttle v. Reich Bros. Construction Co., 1948, 333 U.S. 163, 68 S.Ct. 587.

that the district be one in which the corporation can sue, and cite Sale v. Pittsburgh Steel Co., D.C.W.D.Pa., 1944, 57 F.Supp. 283, to substantiate their view. I am unable to agree with the Sale case. I read § 51 as a venue statute. The clause under examination presupposes the existence of federal jurisdiction. Nothing in the statute suggests the need of double diversity. Such a construction would not execute the policy of the statute which is designed to facilitate the bringing of stockholders' suits. The words, "may be brought in any district", have a venue, rather than a jurisdictional connotation. The language is manifestly concerned with the choice of a district, a problem which does not arise until a jurisdictional basis already exists. When diversity is absent (in a case where that is the only ground of federal jurisdiction) the defect cannot be cured in any district. The Court of Appeals of this circuit has expressly stated that the statute was not directed to the substantive jurisdiction of the district court. "But, not only was § 112 [28 U.S.C.A.] before the amendment concerned · with venue alone, but so was the amendment itself; * * *". Greenberg v. Giannini, 2 Cir., 1944, 140 F.2d 550, 553, 152 A.L.R. 966.

The motions of Hopps, Lowell Birrell and Securities Corporation General for dismissal because of improper venue are denied as to all claims alleged on behalf of Claude or the New York subsidiaries, since those corporations could have brought suit in this district.

R. I. moves to dismiss because of improper venue. As to the claims asserted in behalf of R. I. the venue is good, since in accordance with § 51, that corporation could have brought suit in the district where all indispensable parties reside. R. I. has no interest in claims asserted in behalf of other beneficiary corporations, since it is in no sense a real defendant for purposes of those claims. This district is the proper venue for claims alleged on behalf of R. I. against all defendants resident in this district. The motion by R. I., and similar motions by Pioneer and Penn, to which exactly the same reasoning applies, are denied.

## II. Service

The insurance companies have moved to quash service of process upon them outside the district. Since each company is interested only in claims made on behalf of itself, and since for those claims each is the "corporation" within the meaning of § 51, service upon them outside the district is permissible, under the terms of that section. Inasmuch as such service is proper in respect to the only claims in which they are interested, questions regarding the scope of any consent to be sued any of these companies may have filed in New York are irrelevant.

## III. Indispensable Parties

Hopps has moved for dismissal because of the indispensability of Lowell Birrell and the insurance companies; Lowell Birrell because of the indispensability of Hopps and the insurance companies; and Securities Corporation General because of the indispensability of Hopps, Lowell Birrell, and the insurance companies. The motion to dismiss claims alleged on behalf of the insurance companies has already been granted as to these movants on the grounds of improper venue. Since each insurance company is indispensable to claims alleged on its behalf, these motions made to dismiss because of their indispensability are granted as to claims made in their behalf. The motions are denied with respect to claims alleged on behalf of the New York corporations, as to which the insurance companies are not indispensable parties. Lowell Birrell and Hopps, on the other hand, are not indispensable parties to any claim. They are joint tortfeasors, along with the other individual defendants and real corporate defendants. The fact that they exercised leadership in the alleged frauds or took the lion's share of the profits does not render them indispensable. The motions, insofar as they assert Hopps' and Lowell Birrell's indispensability, are denied.

R. I., Penn and Pioneer (the insurance companies) move to dismiss because of the indispensability of Hopps and Lowell Birrell; and each insurance com-

pany because of the indispensability of the other two. As to claims on behalf of each of the companies, the other two are not indispensable, and neither Lowell Birrell nor Hopps is indispensable to any of the claims. These motions are denied.

Atlantic Brokerage Corporation, Ruby Trading Corporation, Greater New York Industries, Inc. and the individual defendants Weigel, H. A. Birrell, Clarke, Buysse, McAuliffe, Stratton, Erb, Bonner, Weingart, and Rust-Oppenheim, all residents of New York, move to dismiss because of the indispensability of the insurance companies, Hopps, and Lowell Birrell. Each of the insurance companies is properly before this court as to these movants for claims on its own behalf, and is not indispensable to other claims. Lowell Birrell and Hopps are not indispensable to any claim. These motions are denied.

### IV. Forum Non Conveniens

■ Lowell Birrell, Hopps and the insurance companies move to dismiss the complaint because of the inconvenience of this forum. The main point made is that trial in this district would necessitate transportation of records and personnel from distant states. But where the forum chosen is not the result of an adventitious circumstance, where a large number of defendants resides in the district, where it is alleged that this district is the business headquarters of many of the alleged tortfeasors and some of the beneficiary corporations, and where it is therefore inferable that many of the transactions were planned and executed in this district, the kind of inconvenience alleged by movants is clearly insufficient to prompt this court, as a matter of discretion, to refuse to entertain the action. This is true of each of the claims, treated separately. Neither Koster v. (American) Lumbermen's Mutual Casualty

Co., 1947, 330 U.S. 518, 67 S.Ct. 828, 91 L. Ed. 1067, nor Gulf Oil Corporation v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L. Ed. 1055, both recent decisions sustaining district court dismissals of actions on the grounds of forum non conveniens, suggests that a dismissal is warranted in such circumstances as obtain in the case at bar. The catalogue of factors to be considered in assessing the convenience of a forum, set out in the Gulf Oil case, supra, at pages 508 and 509 of 330 U.S., at page 843 of 67 S.Ct., lends support to my conclusion. Motions on this ground are denied.

### V.

I have construed the complaint as stating a number of separate claims; it would facilitate pleading to the complaint and trial of the issues when joined if the several claims were separately stated and numbered. The order will provide for the service of an amended complaint to carry out this suggestion.

In the course of this opinion I have assumed that Stewart B. Hopps and Lowell M. Birrell are residents of Pennsylvania, in accordance with their affidavits to that effect. If the plaintiff seriously controverts these affidavits, I shall accept a full affidavit in support of his position, to be submitted with the order. If warranted, those portions of the order which turn on the residence of Hopps and Birrell will be held in abeyance, pending the report of a Master, to whom such issue will be referred.

Out of excess of caution I state that I have not passed upon the sufficiency of the complaint in its present form nor do I express any opinion as to its sufficiency when stated in separate claims.

An order may be submitted in conformity with this opinion.