### CITRIN v. GREATER NEW YORK INDUSTRIES, Inc., et al.

United States District Court, S. D. N. Y.
Sept. 14, 1948.

694

Bernard A. Green, of New York City (Milton Pollack and Philip B. Kurland, both of New York City, of counsel), for plaintiff.

Abraham M. Glickman, Norman Annenberg, and Frederick E. Weinberg, all of New York City, for defendants.

RYAN, District Judge.

This is a stockholder's derivative suit brought by Abraham Citrin, a resident of the state of New Jersey and a stockholder of the Greater New York Industries (hereafter, "GNY"), to recover for alleged wrongs to GNY and to Louisville Fire and Marine Insurance Company (hereafter, Louisville), a wholly-owned subsidiary of GNY.

In substance, the complaint alleges that the defendants, Lowell M. Birrell, Stewart B. Hopps and others, unlawfully caused GNY and its subsidiaries to enter into certain transactions to their personal gain but resulting in loss to GNY and its subsidiaries. The complaint contains ten separate and distinct counts.

There are twenty-two named defendants only a few of whom have been served in this action.

Five of the defendants have made various motions objecting to jurisdiction, venue and the sufficiency and contents of the complaint. These motions were heard and considered together and are determined herewith, as follows—

(1) The defendant Birrell moves to dismiss for lack of jurisdiction over the subject matter.

This motion was withdrawn as was a similar motion made by GNY.

(2) Defendant Birrell moves to dismiss the first, second, fourth and eighth causes of action of the amended complaint for failure to state a claim upon which relief can be granted.

All reasonable inferences from the facts alleged must be made on this motion to determine whether the pleading is legally adequate. Dioguardi v. Durning, 2 Cir., 1943, 151 F.2d 501.

(A) The First Cause of Action.

Plaintiff alleges that defendants caused GNY to give to defendants 360,000 shares of GNY stock worth in excess of $673,000, and $2100 in cash in exchange for 5400 shares of stock of a Cuban corporation, which were worthless; that, although the defendants promised to pay the difference between the value of the GNY stock and that of the Cuban corporation stock, they never did so; that, although GNY was to retain the GNY stock as security for the payment by defendants of their obligation, the defendants caused GNY to release the stock to them.

To this, defendant Birrell says that no damage is alleged and that conclusions only are pleaded.

The claim is pleaded at length. Dates of alleged transactions and agreements are set forth. Details of stock manipulations are alleged, which, if true, would constitute a breach of duty by defendant Birrell. Damages are readily inferable from the allegations. The claim is sufficiently pleaded to survive this motion to dismiss.

(B) The Second Cause of Action.

The plaintiff here alleges that defendants caused GNY to enter into a settlement which cost GNY much more than it received; that GNY surrendered 5,400 shares of stock of a Cuban corporation to the Cuban companies and paid $1,000,000 in cash and securities to the Rhode Island Fire Insurance Co. in return for which GNY received shares of stock of certain American insurance companies and cash of which the total value of both was allegedly $1,411,000. The complaint further alleges that GNY had to bear "the large expense

of said settlement," and that GNY's share in the settlement is now being attacked by litigation.

It does not appear just where plaintiff has suffered any damage from these alleged machinations of defendants. The value exchanges as alleged indicate no loss to GNY. (the 5,400 shares of stock in the Cuban corporation are alleged in the first cause of action to have had no value). The possible and contingent loss on the pending litigation does not now constitute a claim. Should such litigation prove injurious to plaintiff it would then be apropos to so allege.

It may be that plaintiff is in possession of additional facts which would permit a re-statement of this claim so that relief might be warranted.

The second cause of action is dismissed with leave to plaintiff to re-state this claim within 20 days if he should so elect.

**(C)** The Fourth Cause of Action.

■ The plaintiff alleges that defendants caused GNY to buy a large block of Reeves-Ely stock from Bonner and Bonner at $4 per share, and that in order to purchase this stock GNY was caused to sell 25,000 shares of Rhode Island Fire Insurance Co. stock to Bonner and Bonner. It is further here alleged that the same Reeves-Ely stock purchased by GNY was re-purchased by Bonner and Bonner at the same price at which it had been sold, but that Bonner and Bonner retained the Rhode Island stock which GNY had sold to them, in order to raise funds with which to buy the Reeves-Ely stock. It is also alleged that "this transaction jeopardized the assets of Louisville without business reason therefor except to provide the excuse of the sale of valuable Rhode Island stock to Bonner and Bonner."

No monetary harm is alleged. In fact, it is clearly alleged that the stock bought and sold was transferred at the same price. While it is alleged that the sale of the Rhode Island stock was the result of bad business judgment, nowhere is there alleged a duty breached with consequent damage.

This cause of action is dismissed, again with leave to plaintiff to re-state it within 20 days, if he is in possession of additional facts and elects to amend.

**(D)** The Eighth Cause of Action.

■ It is herein alleged that defendants caused GNY to purchase stock of the American Druggists' Syndicate (hereafter, "A.D.S."), from the Universal Laboratories, a corporation in which defendants had a large interest. It is also alleged that the price paid was $450,000 in excess of the true value; that GNY transferred to A.D.S. stock to Louisville, a wholly-owned subsidiary, at cost, and that Louisville sold the stock at a considerable loss. As a result of representations made on the purchase, it is alleged, GNY had a claim against Universal Laboratories for $200,000; and, finally, it is alleged that defendants for their personal profit and gain and to the damage of GNY caused GNY to give a release to Universal Laboratories, destroying that claim.

Sufficient allegations are here set forth to constitute a claim for relief; the damages are also alleged with sufficient detail. The motion to strike this cause of action is denied.

**(3)** Defendant Birrell moves to dismiss for improper venue.

■ Birrell argues that the venue of this action in the Southern District of New York is improper as to him because he is a resident of Pennsylvania, and that suit cannot be brought against him here by either plaintiff or defendant GNY and its subsidiary, within the provisions of section 51 of the Judicial Code of 1911, as amended. 28 U.S.C.A. §§ 1391, 1401.

Plaintiff alleges that he is a resident of the State of New Jersey. Plaintiff is a stockholder of GNY and not of any of its subsidiaries; hence the action is a double derivative one as to Louisville. Being a diversity suit, venue must be determined by Section 51 of the Judicial Code of 1911.

The interpretation of this section by Judge Rifkind in Saltzman v. Birrell et al., D.C., 78 F.Supp. 778, is accepted and followed in toto.

Paragraph "3" of the complaint alleges that "the individual defendants are citizens of the State of New York." Birrell by affidavit states that he is a citizen and resident of Pennsylvania.

696

Claims 1, 2, 6, 7, 8, 9 and 10 are alleged on behalf of GNY, a New York corporation; claims 3, 4 and 5 are alleged on behalf of Louisville, a Kentucky corporation.

Although claims 2 and 4 have been determined to be legally insufficient and have been dismissed, for the purposes of this consideraion they are deemed still as in the complaint.

Whether Birrell is a resident of Pennsylvania or of New York is immaterial on the question of venue insofar as concerns the claims asserted on behalf of GNY. Venue would, however, be improper as to the claims alleged on behalf of Louisville, unless Birrell is a resident of New York.

Paintiff's request that the issue as to the residence of Birrell be referred to a Special Master is granted. The motion to dismiss for improper venue is denied as to claims 1, 2, 6, 7, 8, 9 and 10, and decision is held in abeyance as to claims 3, 4, and 5 pending report of the master to be appointed.

(4) Defendant Birrell moves that the complaint be made more definite and certain.

Birrell prays that plaintiff under Rule 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A., be required to set forth with more definitiveness the 32 separate and distinct allegations contained in the complaint.

The definitiveness required of allegations is only such as will be sufficient to enable defendant to prepare his answer. Birrell seeks, in fact, a bill of particulars largely of evidentiary matters, and in no way necessary for him to make a responsive pleading. Relief under Rule 12(e) is not intended as an aid to counsel in preparing for trial; this may be accomplished by examination and discovery.

A reading of the allegations enumerated on this motion leads to the conclusion that no further details are necessary to enable defendant Birrell to make proper answer.

This motion is denied.

Similar motions made by defendants; The Greater New York Industries, Inc., The Greater New York Brewery, Inc. and Joseph W. Crosby, with reference to the same allegations are also denied.

Similar motion made by defendant Metropolitan Commercial Corporation as to the allegations contained in paragraph "28" is also denied.

(5) Defendant Birrell also moves to strike certain paragraphs from the complaint.

This motion is directed to paragraphs 24, 28, 34, 39 47 to 52 inclusive and 57, and relief sought under Rule 12(f).

Paragraphs 24, 28, 34, 39 and 57 are objected to because it is claimed that they are nothing more than mere generalizations and conclusions designed to give legal effect to the facts alleged in the complaint. Paragraphs 47 to 52 because on the basis of the facts alleged therein, no wrong could conceivably have arisen.

It cannot be said that "the allegations have no relation to the controversy," or that "a failure to strike will unduly prejudice" the defendants. Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corporation, D.C., 2 F.R.D. 305, 306.

This motion is denied.

A like motion made by defendant Joseph W. Crosby as to the same paragraphs is for the above reasons denied.

And a similar motion made by defendant Metropolitan Commercial Corporation concerning paragraphs 24 and 28 is also denied.

(6) Defendant, Greater New York Industries, moves to dismiss the amended complaint for failure to state a claim upon which relief can be granted.

This motion is predicated upon the alleged insufficiency of the complaint because of its failure to allege that a proper demand was made on the directors of the aggrieved corporation to bring on appropriate action to right the alleged wrongs, or to adequately excuse the failure to make such demand.

Paragraph 16 of the amended complaint reads as follows:

"Plaintiff has made no demand on the present Board of Directors of GNY and its subsidiaries to sue the defendants for the wrongs herein set forth because said demand would be futile. All members of the

Board participated in said acts, had full knowledge of the facts, were under the domination and control of the defendants Birrell and Hopps and, acting in bad faith, have failed and refused to bring suit in behalf of GNY and its subsidiaries. Plaintiff has made no demand on the stockholders of GNY because of the large number of such stockholders covering a wide area, the expense and delay incident to such demand, the fact that such a demand would entail a proxy fight with great cost and expense and, furthermore, would be opposed by the present entrenched wrongdoing management, dominated and controlled by the wrongdoers herein."

These allegations, it is argued, are insufficient to comply with Rule 23(b).

█ While it is true that "a bare allegation of the futility of such a demand is not sufficient without allegations of fact showing how and why the demand would be futile" (Lucking v. Delano, 117 F.2d 159, 160), paragraph 16 must be read in conjunction with all the other factual allegations of the complaint. When this is done, the complaint alleges facts sufficient to comply with Rule 23(b). Cohen v. Industrial Finance Corporation, S.D.N.Y.1942, 44 F. Supp. 491; Galdi v. Jones, 2 Cir., 1944, 141 F.2d 984.

This motion is denied.

Similar motions made by defendants, Joseph W. Crosby and Greater New York Brewery, Inc., are also denied for the above reason.

(7) The defendant Metropolitan Commercial (hereafter, "Commercial"), moves to dismiss the third and sixth causes of action for failure to state a claim upon which relief can be granted.

This defendant is named only in the third and sixth causes of action which it now moves to dismiss.

(A) The Third Cause of Action.

█ The plaintiff here alleges that defendants Birrell and Hopps caused GNY to sell stock to their wholly-owned companies at a price far below market, and also caused GNY to buy stock from their wholly-owned subsidiaries at prices in excess of true value and market price. It is alleged that Birrell and Hopps caused Louisville to sell 50,000 shares of stock of Securities Corporation General (hereafter, "SCG"), to National Insurance Company (hereafter, "National"), for $5 per share. It is further alleged that National immediately re-sold the stock for the same price to Commercial; that this subsequent sale was a subterfuge and part of a scheme and plan to conceal the identity of the real and actual buyer (to wit, Commercial and the defendants Hopps, Birrell and associates, who were then the stockholders of Commercial), and to conceal the "profit" made on the sale of this stock which was selling at the time for $7⅜ per share. Here is charged in plain language a questionable stock manipulation—if not larceny—which entailed a loss to GNY of $118,750, and an alleged unlawful gain to the named defendants of a like amount. Commercial is alleged to be the funnel through which this "profit" poured; it was the alleged recipient of the fruits of the alleged wrongdoing of Hopps and Birrell, knowingly receiving them by reason of its being under the alleged domination, control and ownership of these defendants.

There is no need to discuss or consider further the remaining allegations of this cause of action.

█ As to the third cause of action, this motion is denied.

(B) The Sixth Cause of Action.

Here, more stock manipulations by Birrell and Hopps are alleged (and, with what force and effect it will be for trial to determine). This time, insofar as Commercial is alleged to have been the conduit and recipient, it is alleged that early in 1946 these defendants caused GNY to grant (without consideration) to Commercial an option to purchase from GNY 12,000 shares of Claude Neon, Inc., stock at $2 per share, that the stock had a market value of about $8 per share, that Commercial exercised the option and realized a profit in excess of $70,000.

Again, Commercial is the recipient, the alleged reservoir to hold the alleged spoils of wrongdoing and knowingly to have served as such through the alleged domination, control and stock ownership of Birrell, Hopps and associates.

This motion is denied.