72

**BIRNBAUM et al. v. BIRRELL et al.**

Civ. No. 43–725.

United States District Court
S. D. New York.

Dec. 13, 1948.

Geller & Saslow, of New York City (Abraham N. Geller and Robert B. Block, both of New York City, of counsel), for plaintiffs.

Frederick E. Weinberg, of New York City (Norman Annenberg, of New York City, of counsel), for defendants Birrell and Bonner.

Jaffin, Schneider, Kimmel & Galpeer, of New York City (Irving J. Galpeer, of New York City, of counsel), for defendants Jaffin, Wittner and Plohn.

Post, Morris & Lovejoy, of New York City (Winslow M. Lovejoy and Newbold Morris, both of New York City, of counsel), for defendants Glossinger and Kemp.

Archibald Palmer, of New York City, for defendants Gotthilf, Sloane, Turner, Toole, Goddard, Universal Laboratories, Inc., and Borden Avenue Utilities Corporation.

Rein, Mound & Cotton, of New York City (Maurice Mound, of New York City, of counsel), for defendant Rhode Island Ins. Co.

Abraham M. Glickman, of New York City (Norman Annenberg, of New York City, of counsel), for defendant American Druggists Syndicate, Inc. and the Greater New York Industries, Inc.

Henry Steinberg, of New York City (Norman Annenberg, of New York City, of counsel), for defendant Securities Corporation General.

Curtis, Mallet-Prevost, Colt & Mosle, of New York City (Milo A. Borges and Eugene F. Russell, Jr., both of New York City, of counsel), for defendant International Utilities Corporation.

COXE, District Judge.

These are motions by various defendants to require plaintiffs to file a further amended complaint stating in separate counts the facts with respect to each alleged separate transaction or occurrence; to dismiss the amended complaint for failure to state a claim upon which relief can be granted; to file a more definite statement with respect to numerous allegations in the amended complaint; to strike out certain allegations as redundant, immaterial, etc., and to dismiss the action as to certain defendants for improper venue.

The action is a stockholders' derivative action brought by stockholders of Universal Laboratories, Inc. (hereafter referred to as "Universal") to recover for alleged wrongs sustained by it and also by Borden Avenue Utilities Corporation (hereafter referred to as "Borden"), its wholly-owned subsidiary. The jurisdiction is based solely on diversity of citizenship.

The gist of the amended complaint is that the defendants Birrell, Bonner, Hopps, Schinasi and Yeager dominated and controlled the business and affairs of the defendants The Greater New York Industries, Inc., Louisville Fire & Marine Insurance Company, Securities Corporation General, Rhode Island Insurance Company and International Utilities Corporation (hereafter respectively referred to as "Greater New York", "Louisville", "S. C. G.", "R. I. Ins." and "International"),—all these defendants being collectively referred to as the "Birrell group"; that in the latter part of 1945 the Birrell group entered into a conspiracy with the then directors and officers of Universal and Borden (the defendants Glossinger, Reddon, Kemp, Wittner, Jaffin, Helberg and

Plohn) and other directors and officers not named as defendants, to "mulct" Universal and Borden, and to waste and misappropriate their assets for the benefit, directly or indirectly, of the Birrell group and the directors and officers of Universal and Borden; and that the acts and transactions thereafter set forth in the amended complaint were all committed in pursuance and furtherance of such conspiracy. It is also alleged that the individuals in the Birrell group became directors of Universal in February 1947, constituting a majority of the Board, and continued to act as such until August 1947, when they resigned and the control of Universal and Borden was turned over to the other individual defendants, M. H. Gotthilf and his designees, viz., Turner, Sloane, Levinson and Toole.

Judgment is demanded for an accounting to Universal and Borden, the cancellation and setting aside of various transactions, and other relief.

■ The motions to require plaintiffs to file a further amended complaint stating in separate counts the facts with respect to each alleged separate transaction or occurrence are made by all defendants who have been served or who have appeared, and it is variously asserted by them that five, eleven or fourteen separate and distinct transactions are alleged, some resulting in wrongs to Universal and some to Borden, and that without such separate statement it is impossible to tell what acts of the defendants with reference to each are complained of. But Rule 10(b) Federal Rules of Civil Procedure, 28 U.S.C.A., does not require that each of the transactions or occurrences alleged to have been committed in pursuance of the alleged conspiracy shall be stated in a separate count. See Original Ballet Russe v. Ballet Theatre, 2 Cir., 133 F.2d 187, 189, where it was pointed out that the word "claim" in the Rules "is used to denote the aggregate of operative facts which give rise to a right enforceable in the courts", and that "a separation of claims into separate counts is mandatory only when necessary to facilitate clear presentation." Here, only two claims are alleged in one count—one in favor of Universal and the other in favor of Borden; the separate transactions alleged are "the aggregate of operative facts" which constitute the claims asserted. Plaintiffs are not opposed to granting the motions to the extent of separately stating the claims alleged on behalf of Universal and Borden, respectively, and I think that "clear presentation of the matters set forth" will be accomplished if this is done. These motions are therefore granted to that extent.

■ The motions to dismiss for failure to state a claim upon which relief can be granted, and for a more definite statement with respect to various allegations, are denied. I think that the allegations in the amended complaint, as they stand, state claims upon which relief can be granted. More definite statements should not be needed, when the complaint is amended, to enable defendants to answer.

The motions to strike out certain allegations in Paragraphs Nos. 28, 29, 30, 46 and 48, on the ground that they are "sham, frivolous, redundant, immaterial to the issues, impertinent and scandalous", are denied. I find nothing in these allegations to justify such a characterization.

■ The motion to strike out certain phrases, such as "as hereinafter more fully alleged", from certain paragraphs, on the ground that they are immaterial, redundant, and not properly answerable, is plainly too frivolous to merit consideration, and it is denied.

The remaining motions are made by eleven defendants, namely, Universal, Borden, R. I. Ins., S. C. G., Birrell, the two Gotthilfs, Sloane, Turner, Toole and Goddard, to dismiss the action for improper venue.

■ In November 1947, Universal, Borden, the two Gotthilfs, Turner, Toole and Goddard moved to dismiss the original complaint for lack of diversity of citizenship. This motion was denied in April 1948. No objection as to venue was raised by them at that time, although the objection was then available. Under Rule 12(g) and (h) of the Federal Rules, the objection must be deemed waived, and may not be made by motion now, but may be raised by answer. Phillips v. Baker, 9 Cir., 121

F.2d 752, 754-755, certiorari denied 314 U.S. 688, 62 S.Ct. 301, 86 L.Ed. 551; Moore's Federal Practice, Vol. 1, Section 12.10, p. 662.

This leaves for consideration only the motions of R. I. Ins., S. C. G., Birrell and Sloane. The amended complaint alleges that all the plaintiffs are citizens of Illinois; that Universal is a Delaware corporation, Borden a New York corporation, R. I. Ins. a Rhode Island corporation, and S. C. G. a Virginia corporation, and that all the individual defendants are citizens of New York.

R. I. Ins. has an office in New York City and was personally served here with process on November 12, 1947. S. C. G. has not been licensed to do business in New York. Birrell states in an affidavit in support of his motion that he is, and has been since June 1946, prior to the commencement of the action, a citizen and resident of Pennsylvania. This now seems to be conceded by plaintiffs, and I shall assume that he is a citizen and resident of Pennsylvania. He was personally served with process in this State on October 26, 1947.

At the time the action was instituted, Section 51 of the Judicial Code, as amended in 1936, 28 U.S.C.A. § 112,[1] was in effect. The provisions now pertinent are: " * * * but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; except that suit by a stockholder on behalf of a corporation may be brought in any district in which suit against the defendant or defendants in said stockholders' action, other than said corporation, might have been brought by such corporation and process in such cases may be served upon such corporation in any district wherein such corporation resides or may be found."

■ Jurisdiction of the action is founded only on diversity of citizenship. Therefore, under the limitations of the first part of the section above quoted, the plaintiffs, being residents of Illinois, could sue in the Illinois district all defendants who could be personally served there, or they could sue in this district such defendants as reside here (provided, of course, jurisdiction could be obtained over Universal and Borden, both indispensable parties). And, under the last part of the section, they could, at their option, and regardless of their own residence, sue in any district where the corporation on whose behalf they were acting could sue the same defendants, that is, the district of the residence either of the corporation beneficiary or of the defendants. Greenberg v. Giannini, 2 Cir., 140 F.2d 550, 552, 152 A.L.R. 966. This applies not only to plaintiffs suing on behalf of Universal, but also to their suing on behalf of Borden,—a double derivative stockholders' action. Goldstein v. Groesbeck, 2 Cir., 142 F.2d 422, 426, 154 A.L.R. 1285, certiorari denied 323 U.S. 737, 65 S.Ct. 36, 89 L.Ed. 590.

■ With respect to the claim asserted on behalf of Universal, it is clear that plaintiffs, being residents of Illinois, can, under the first part of Section 51, maintain the action in this district against the individual defendants who are New York residents, against the corporate defendants which are New York corporations, and against the foreign corporations licensed to do business in New York, and which fall within the rule of Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437. The venue is therefore bad as to Birrell, for he is a resident of Pennsylvania; it is good as to Sloane, who is a resident of New York; and it is bad as to S. C. G., which has not been licensed to do business in New York. Although S. C. G. appeared generally in the action on November 22, 1947, this did not constitute a waiver of its right to object to the venue. Blank v. Bitker, 7 Cir., 135 F.2d 962; Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 139 F.2d 871. With respect to R. I. Ins., the showing regarding the character and extent of the business carried on in New York under its license to do business is not sufficient

[1] 1948 Revised Judicial Code, see 28 U.S.C.A. §§ 1391, 1401, 1695.

to enable a determination to be made whether the venue as to it has been waived or not under the Neirbo rule, supra, and decision of its motion will be denied, without prejudice to renewal at the trial. The same results follow if the action be treated as one governed by the last part of Section 51. In other words, Universal, the corporation on whose behalf the action is brought, could have maintained an action in this district against the same defendants as the plaintiffs are now permitted to do.

With respect to the claim asserted on behalf of Borden, it cannot be determined from the amended complaint whether the plaintiffs rest their right to sue in this court on the fact that they are citizens and residents of Illinois, or on the fact that Borden is a New York corporation. If they rest their right to sue on the fact that they are citizens and residents of Illinois, what I have said with respect to the claim on behalf of Universal under the first quoted part of Section 51 equally applies. If, on the other hand, the plaintiffs rest their right to sue on the fact that Borden is a New York corporation, there would then be no diversity of citizenship between Borden and the individual defendants who are citizens of New York, or the corporate defendants which are incorporated in New York. On this branch of the case the plaintiffs should state in their further amended complaint whether they rest their right to sue on behalf of Borden on the fact that they are citizens and residents of Illinois or on the fact that Borden is a New York corporation and they are proceeding under the last part of Section 51.

Plaintiffs, however, insist that the motions are governed by the New Judicial Code, effective September 1, 1948, and not by Section 51, which was expressly repealed by the new Judicial Code. Section 39 of Act June 25, 1948, 62 Stat. 992, enacting new Title 28 U.S.C.A. The present action was commenced in October 1947, and the motions were originally returnable on June 25, 1948, and submitted on September 28, 1948. Section 39, after providing for the repeal of Section 51, reads as follows: "Any rights or liabilities now existing under such sections or parts

thereof shall not be affected by this repeal". I think that the venue rights of the defendants in the present case are "rights" which are protected by this saving clause in Section 39. See Hoiness v. United States, 335 U.S. 297, 69 S.Ct. 70, footnote no. 6.

The motions to separately state are granted to the extent of requiring separate statements of the Universal and Borden claims; the motions to dismiss for failure to state a claim, for more definite statements, and to strike out certain allegations, are denied; the motions of Universal, Borden, the two Gotthilfs, Turner, Toole and Goddard to dismiss for improper venue, are denied. With respect to the claim on behalf of Universal, the motions of Birrell and S. C. G. to dismiss for improper venue are granted; the motion of Sloane is denied; and the motion of R. I. Ins. is denied, without prejudice to renewal at the trial. With respect to the claim on behalf of Borden, the motions of R. I. Ins., S. C. G., Birrell and Sloane to dismiss for improper venue are denied, without prejudice to the making of new motions after the further amended complaint has been filed.