William G. Thayer SHEDD and Elisabeth Shedd, Plaintiffs,

v.

WILLYS MOTORS, Inc., Defendant and Third-Party Plaintiff,

Dana Corporation and Bower Roller Bearing Co., Third-Party Defendants.

United States District Court
S. D. New York.

Aug. 3, 1956.

Galli & Locker, New York City, for defendant and third-party plaintiff, John G. Donovan, New York City, of counsel.

Michael A. Hayes, New York City, for third-party defendant, Dana Corp., appearing specially.

LEVET, District Judge.

This is a motion by the third-party defendant, Dana Corporation (hereinafter called "Dana"), for an order pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., vacating and setting aside the alleged service of the supplemental summons and third-party complaint upon it, on the ground that this Court did not acquire jurisdiction of the said third-party defendant by such service of process and may not acquire jurisdiction thereof for the reason that Dana is a foreign corporation which has not and does not maintain a regular and established place of business within the jurisdiction of this Court and is not doing business within the State of New York, and on the further ground that the

person served could not be legally served on behalf of said corporation.

The litigation of this action arose out of an accident occurring on February 25, 1955, in the County of Dutchess, State of New York. The plaintiffs, William G. Thayer Shedd and Elisabeth Shedd, seek to recover damages for personal injuries. It is alleged in the pleadings that plaintiff William G. Thayer Shedd purchased a Willys automobile from a distributor or agent of the defendant Willys Motors, Inc., manufacturer. Defendant Willys caused to be issued a supplemental third-party summons and complaint upon Dana and Bower Roller Bearing Co., above mentioned, in which Dana is claimed to have manufactured, sold and delivered to the third-party plaintiff, Willys Motors, Inc., the left rear axle assembly, which allegedly broke. Bower is alleged to have manufactured and sold roller bearings used in the assembly of the said rear axle and to have sold the same to Dana.

On January 19, 1956, a supplemental summons and third-party complaint were served upon Charles Dana, who was and is Chairman of the Board of Directors of Dana, at a time when Dana was temporarily at least in the City of New York.

Dana is a corporation organized and existing under and by virtue of the laws of the State of Virginia and maintains no office within the State of New York, no telephone listing, no sales office. It appears that the sale of the left rear axle, which is alleged to have broken, was made by Dana to Willys in the State of Ohio. Dana maintains a manufacturing establishment at Fort Wayne, Indiana, and an office for the transaction of business in Toledo, Ohio. Willys is organized under the laws of Pennsylvania and conducts one of its manufacturing establishments in Toledo, Ohio. The rear axle is apparently assembled in Ohio. Dana has not appointed any agent within the State of New York to accept service of process.

The motion is opposed by Willys upon the grounds:

(1) That Charles Dana lives at times in the State of New York;

(2) That the corporation maintains certain bank accounts in New York, which it appears are surplus accounts;

(3) That from time to time directors' meetings of Dana have been held in New York; as a matter of fact, these were spasmodic;

(4) That Dana owns the entire capital stock of General Drop Forge Corp., which has offices in Buffalo;

(5) That the officers of Dana supervise the operations of General Drop Forge Corp.

The Courts have recognized the fact that in order to hold a parent corporation to be doing business in the state because of the activities and location of a subsidiary, the decision must turn not upon dominance and control or upon identity with personnel charged with managerial responsibility, but upon the reality of corporate separation as between parent and its subsidiary. American Chain Co., Inc. v. Stewart-Warner Speedometer Corporation, D.C. S.D.N.Y., 1929, 56 F.2d 614, 615; Fergus Motors, Inc. v. Standard Triumph Motor Company, Inc., D.C.S.D.N.Y., 1955, 130 F.Supp. 780; Schenstrom v. Continental Machines, Inc., D.C.S.D. N.Y., 1947, 7 F.R.D. 434, 436. In order to subject a foreign corporation to legal process, it must be conducting business within the state with some degree of permanence and continuity. American Fire Prevention Bureau, Inc. v. Automatic Sprinkler Co. of America, D.C.S.D.N.Y., 1941, 42 F.Supp. 220, 224. The doing of business through a subsidiary by itself is not sufficient. Amtorg Trading Corporation v. Standard Oil Co. of California, D.C.S.D.N.Y., 1942, 47 F.Supp. 466, 468.

In this case, there is little, if any, indication of any continued operation of Dana in the State of New York. The subsidiary, General Drop Forge Corp., does not sell for Dana, it does not service for Dana; it merely manu-

factures certain parts which it delivers to Dana in Ohio or elsewhere as may be directed.

Accordingly, I conclude that Dana is not doing business in the State of New York. The motion must, therefore, be granted.

So ordered.