INDUSTRIAL WAXES, INC., and Edwin C. Price, Plaintiffs,

v.

INTERNATIONAL RAILWAYS OF CENTRAL AMERICA, James McGovern, Walter B. McGregor, Hugh R. Partridge, Frank I. Tennyson, Herman E. Willer, et al., Defendants.

United States District Court
S. D. New York.
April 26, 1961.

784

Joseph S. Catalano, New York City, for plaintiffs; Lester C. Lockwood, New York City, Nichols, Wood, Marx & Ginter, Cincinnati, Ohio, of counsel.

Cravath, Swaine & Moore, New York City, for defendants International Rys. of Central America, James McGovern, Walter E. McGregor, Hugh R. Partridge, Frank I. Tennyson and Herman E. Willer; Allen F. Maulsby, John W. Barnum, Pasco M. Bowman, New York City, of counsel.

WEINFELD, District Judge.

This action was instituted by an individual and corporate plaintiff, both citizens of the State of Ohio, against various defendants, all citizens of states other than Ohio. Jurisdiction of the subject matter is founded upon diversity of citizenship.

■ The present motion is for an order pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S. C., dismissing the action for improper venue.[1] It is made only by the defendants International Railways of Central America (hereafter referred to as IRCA), a corporation organized under the laws of New Jersey and having its principal place of business there, Hugh R. Partridge, a citizen of New York State and a resident of this District, James McGovern, a citizen and resident of Massachusetts, and Herman E. Willer, a citizen and resident of New Jersey.[2]

A threshold question is the nature of the action, since it has a direct bearing on the venue challenge. Athough plaintiffs assert that the action is brought by them as stockholders of IRCA on its behalf, the defendants suggest that the two counts of the complaint contain allegations appropriate to an action for specific performance of an alleged personal agreement between the individual plaintiff and the defendant McGovern "on behalf of" IRCA.

The first count, against certain of IRCA's directors, seeks to bring about a dieselization of IRCA's railroad in Guatemala and to prevent waste of its assets with respect to such a program by directing its Board of Directors to consider the proposal of a specified com-

1. While the diversity of citizenship necessary to federal jurisdiction exists, this does not meet the objection to venue. Camp v. Gress, 1919, 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997.

2. Originally, defendants McGregor and Tennyson, New Hampshire and New Jersey citizens and residents, respectively, also joined in the motion and additionally moved to quash service of process on the ground of insufficiency. The plaintiffs conceded that service was improper and consented to a dismissal as to them.

pany for diesel motor engines before consummating a proposed contract for such equipment with another manufacturer at an allegedly excessive price.

The second count charges that the defendant, United Fruit Company, and its directors, dominate and control the affairs of IRCA; that they have maliciously interfered with and prevented the dieselization of IRCA's railroad in order to waste and deflate its assets and stock, so as to enable them to acquire additional stock at reduced prices for the personal gain of the United Fruit group, as well as that of IRCA's directors who are defendants. This claim may be treated as one against dominant or controlling stockholders for breach of fiduciary duty,[3] or against those who assist a fiduciary to violate his duty.[4]

It is true, as defendants assert, that the complaint refers to an alleged contract between plaintiff Price and McGovern on behalf of IRCA, and requests specific performance thereof. However, it is clear that this reference is to an alleged undertaking by the directorate to consider alternative sources of equipment only after plaintiffs had challenged, as a waste of assets, a proposed contract allegedly far in excess of market prices. This commitment was simply an affirmation by the directors of their duty to act in the corporate interest.

That the plaintiffs intended to plead only a derivative action finds support in the allegations of their complaint appropriate to such an action, viz., that it is not a collusive one to confer jurisdiction; that a demand upon the directors to bring an action would have been futile, since it would have been a demand to sue themselves;[5] that the stock owned by plaintiffs has a market value in excess of $50,000.[6]

It may readily be acknowledged that the complaint, which contains two counts, is not a model pleading; nonetheless, liberally construed under the notice theory of pleading,[7] it states a derivative action by the plaintiff stockholders for IRCA's benefit.[8]

Since the Court concludes that the action is derivative, the special venue section, 28 U.S.C., Section 1401, as well as the general venue provision, 28 U.S.C., Section 1391(a), is relevant on this motion.[9] The former permits a stockholder's derivative action to be brought "in any judicial district where the corporation might have sued the same defendants." Section 1391(a) provides that suits "be brought only in the judicial district where all plaintiffs or all defendants reside."

Defendants first contend that venue does not lie in this District under section 1391(a), since not "all plaintiffs or all defendants reside" here. This attack upon venue must be upheld, since admittedly the plaintiffs are residents of Ohio, the defendants IRCA and Willer,

3. See Pepper v. Litton, 1939, 308 U.S. 295, 306, 60 S.Ct. 238, 84 L.Ed. 281. Cf. Geddes v. Anaconda Copper Mining Co., 1921, 254 U.S. 590, 599, 41 S.Ct. 209, 65 L.Ed. 425.

4. Cf. Irving Trust Co. v. Deutsch, 2 Cir., 1934, 73 F.2d 121, certiorari denied 1935, 294 U.S. 708, 55 S.Ct. 405, 79 L. Ed. 1243.

5. See Fed.R.Civ.P. 23(b).

6. See N.Y.General Corporation Law, McKinney's Consol.Laws, c. 23, § 61-b. Cf. Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528.

7. Cf. Nagler v. Admiral Corp., 2 Cir., 1957, 248 F.2d 319, 324; Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774.

8. Plaintiffs, having asserted a derivative action, are not, however, entitled to a jury trial as they have requested. See Brinckerhoff v. Bostwick, 1887, 105 N.Y. 567, 12 N.E. 58; Bookbinder v. Chase Nat. Bank, 1st Dept.1935, 244 App.Div. 650, 280 N.Y.S. 393.

9. The enactment of the special statute governing venue in derivative suits supplements, rather than replaces, the general venue provision. See Schoen v. Mountain Producers Corp., 3 Cir., 1948, 170 F.2d 707, 5 A.L.R.2d 1226, certiorari denied, 1949, 336 U.S. 937, 69 S.Ct. 746, 93 L.Ed. 1095; Greenberg v. Giannini, 2 Cir., 1944, 140 F.2d 550, 552, 152 A.L.R. 966; 3 Moore, Federal Practice § 23.21, p. 3543 (2d ed. 1948).

residents of New Jersey, and McGovern is a resident of Massachusetts. The plaintiffs' position that IRCA is "doing business" [10] in this District does not find support in the meager facts submitted on this motion. It is uncontradicted that IRCA's activities are limited to the following: during the past year all but one of the meetings of its Board of Directors were held in this District;[11] it maintains deposits with four New York City banks; it has a telephone listing in the Manhattan directory, which is a tie line to its Jersey City office. The corporation maintains no office here, solicits no business and owns no property within this State, pays its employees, as well as other routine expenses, from a bank account in Jersey City and receives payments from customers via Jersey City.

However, to uphold the defendants' attack on venue under section 1391(a) does not, in and of itself, require dismissal of the action. Plaintiffs can avoid dismissal if they come within the terms of section 1401,[12] and indeed this is their contention. The defendants, in reply, maintain that section 1401 is of no avail to the plaintiffs, since IRCA, on the one hand, and United Fruit Company (not a movant herein) and Willer, on the other, are all citizens of New Jersey, thereby precluding this District as one where "the corporation might have sued the same defendants." In short, they urge that diversity must exist between IRCA and the other defendants—the so-called "double diversity" concept, that is, diversity not only between plaintiff stockholders, on the one hand, and the despoiled corporation and defendant directors, on the other, but also between the corporation and the defendant directors. They rely upon Schoen v. Mountain Producers Corp.,[13] which, in substance, holds that in a derivative action, venue under section 1401 is proper only when there is diversity between the injured corporation and all other defendants. This, of course, reads a jurisdictional requirement into that section, as the Third Circuit Court of Appeals readily acknowledged in the Schoen case. However, this view has not found acceptance in this District.[14]

The underlying rationale of the contrary holdings is that section 1401 is a venue and not a jurisdictional statute. As stated by Judge Rifkind:

"The clause under examination presupposes the existence of federal jurisdiction. Nothing in the statute suggests the need of double diversity. Such a construction would not execute the policy of the statute which is designed to facilitate the bringing of stockholders' suits. The words, 'may be brought in any district,' have a venue, rather than

10. A corporation is amenable to suit in any district in which it is "doing business." 28 U.S.C. § 1391(c). This term has the same meaning for venue purposes as it does for diversity jurisdiction. Champion Spark Plug Co. v. Karchmar, D.C.S.D.N.Y.1960, 180 F. Supp. 727, 731.

11. While the holding of directors' meetings within the District is a significant factor in determining corporate presence here, it is but one factor. See Lightner v. Pilgrim Paper Corp., D.C.S.D.N.Y. 1957, 152 F.Supp. 504; Shedd v. Willys Motors, Inc., D.C.S.D.N.Y.1956, 143 F. Supp. 391; General Elec. Co. v. Central Transit Warehouse Co, D.C.W.D.Mo. 1955, 127 F.Supp. 817; Pickthall v. Anaconda Copper Min. Co., D.C.S.D.N.Y. 1947, 73 F.Supp. 694.

12. Since IRCA is an indispensable party, the suit must be dismissed unless section 1401 requires a different result. Price v. Gurney, 1945, 324 U.S. 100, 105, 65 S.Ct. 513, 89 L.Ed. 776; Philipbar v. Derby, 2 Cir., 1936, 85 F.2d 27, 30.

13. 3 Cir., 1948, 170 F.2d 707, 5 A.L.R. 2d 1226, certiorari denied, 1949, 336 U.S. 937, 69 S.Ct. 746, 93 L.Ed. 1095. Accord, Sale v. Pittsburgh Steel Corp., D.C.W.D.Pa.1944, 57 F.Supp. 283; Birnbaum v. Birrell, D.C.S.D.N.Y.1948, 9 F.R.D. 72. See 3 Moore, Federal Practice § 23.21, p. 3544 (2d ed. 1948).

14. Montro Corp. v. Prindle, D.C.S.D.N.Y. 1952, 105 F.Supp. 460; Citrin v. Greater New York Industries, Inc., D.C.S.D.N.Y. 1948, 79 F.Supp. 692; Saltzman v. Birrell, D.C.S.D.N.Y.1948, 78 F.Supp. 778.

a jurisdictional connotation. The language is manifestly concerned with the choice of a district, a problem which does not arise until a jurisdictional basis already exists."[15]

My colleague, Judge Murphy, after giving due consideration to Schoen v. Mountain Producers, supra, also felt constrained to disagree with its holding as to the requirement of "double diversity." After finding the legislative history of little aid,[16] he concluded that the double diversity concept would, in effect, nullify the venue provision.[17]

■ Upon weighing all relevant factors, the Court is persuaded of the soundness of the conclusion reached by Judge Rifkind and Judge Murphy that section 1401 is concerned only with venue, i. e., the proper district in which an action may be brought, and does not incorporate any jurisdictional requirement.

■ Thus, this determination must now be applied to the facts of the instant case. Since, as already noted, IRCA is not "doing business" in this District, it cannot be deemed its residence for venue purposes. However, since Partridge is a resident of this District, IRCA might, under section 1401, have maintained a suit against him in this Court. Thus, as to Partridge, venue is proper.

■ As to defendants McGovern and Willer, this is not the District where either of them resides. Venue as to them is, therefore, improper and their motion to dismiss is granted. Since they are not indispensable parties, the action need not be dismissed.[18]

The Court has considered all other contentions of the defendants and finds them without merit.

The motion is granted only as to defendants McGovern and Willer; the remainder of the motion is denied.

---

15. Saltzman v. Birrell, D.C.S.D.N.Y.1948, 78 F.Supp. 778, 784. Our Court of Appeals in Lavin v. Lavin, 2 Cir., 1950, 182 F.2d 870, noted but found no occasion to pass upon the correctness of the Saltzman decision. It did note, however, in holding that the section did not expand federal diversity jurisdiction, that "the whole amendment is built upon an assumed continuance of the existing jurisdiction." Id. at page 872.

16. H.R.Rep. No. 2257, 74th Cong.2d Sess. (1936).

17. Montro Corp. v. Prindle, D.C.S.D.N.Y. 1952, 105 F.Supp. 460.

18. A resident defendant may not avail himself of a dismissal as to a nonresident, unless the latter is an indispensable party. Camp v. Gress, 1919, 250 U.S. 308, 316, 39 S.Ct. 478, 63 L. Ed. 997.