FLEITMANN v. UNITED GAS IMPROVEMENT CO. et al.  (two cases).

(Circuit Court of Appeals, Second Circuit.  January 13, 1914.)

Nos. 92, 93.

1. MONOPOLIES (§ 28*)—ACTIONS FOR DAMAGES—FORM OF REMEDY.

Under the Sherman Anti-Trust Act July 2, 1890, c. 647, 26 Stat. 210 (U. S. Comp. St. 1901, p. 3202) § 7, providing that any person injured by any violation of that act may sue therefor and recover threefold the damages by him sustained, the action to recover treble damages must be an action at law in which defendants have the constitutional right to a jury trial, and hence a minority stockholder in a corporation could not maintain a suit in equity on behalf of the corporation for such relief upon the corporation's refusal to sue.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 18; Dec. Dig. § 28.*

Rights and liabilities of parties contracting with trusts or combinations in restraint of trade, see note to Chicago Wall Paper Mills v. General Paper Co., 78 C. C. A. 612.]

2. MONOPOLIES (§ 28*)—ACTIONS FOR DAMAGES—FORM OF REMEDY.

Where the sole relief prayed in a bill by a minority stockholder of a corporation was that the defendants be decreed to pay over to the corporation treble the damages sustained by a violation of the Sherman Anti-Trust Act July 2, 1890, c. 647, 26 Stat. 209 (U. S. Comp. St. 1901, p. 3200), it could not be construed as a bill to require the corporation, which was made a party, to sue the other defendants for such damages.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 18; Dec. Dig. § 28.*]

Appeals from the District Court of the United States for the Southern District of New York.

Suit by William M. Fleitmann on behalf of himself and all other stockholders of the Consolidated Street Lighting Company who shall elect to come in and contribute to the expense of the action against the United Gas Improvement Company and others.  From decrees dismissing the bills on motions of the defendants, Welsbach Street Lighting Company of America and Arthur E. Shaw, respectively, complainant appeals.  Affirmed.

Complainant brought suits in equity on his own behalf and on behalf of all other stockholders of the Consolidated Street Lighting Company, not to recover personal damages or a personal judgment, but to compel defendant to pay to the Consolidated Company the amount for which defendant would be liable at law in a direct action by that corporation, because of violations of the Sherman Anti-Trust Act, whereby the Consolidated Company, of which complainant is a minority stockholder, has, it is alleged, been driven out of business.

The opinion of Judge Coxe in District Court, mentioned in the opinion, was as follows:

The defendants, the Welsbach Street Lighting Company of America and Arthur E. Shaw, move to dismiss the bill on the following grounds:

First.—The bill fails to state a cause of action.

Second.—The court has no jurisdiction to grant the relief prayed for.

Third.—Failure to comply with equity rule No. 27.

The relief prayed for by the complainant is that the defendants, other than the Consolidated Street Lighting Company, may be decreed to pay over to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

said company the sum of $3,000,000 treble damages under section 7 of the Anti-Trust Law, and the costs of this action.

The bill alleges that the complainant is a stockholder in the defendant, the Consolidated Company, and, prior to 1906, the defendants, other than said company, entered into a conspiracy to control, throughout the United States, the business of securing contracts for municipal lighting and supplying lamps and other lighting accessories. This conspiracy was, it is alleged, carried out by organizing other, apparently independent and competing, companies, but which were in fact under the control of the defendants other than the Consolidated Company. It is asserted that by means of such dummy corporations, the conspiring defendants endeavored to monopolize interstate commerce in the materials necessary for carrying out public lighting contracts. That these defendants, realizing that the Consolidated Company would be a strong competitor in the business of municipal lighting, agreed and conspired together to prevent the Consolidated Company from carrying on such business in the United States and to drive said company out of business. It is alleged further that, in pursuance of the said conspiracy, the said defendants acquired, through fraud and fraudulent representations, a majority of the stock in said Consolidated Company and placed in control thereof creatures of their own and adopted every method in their power to wreck and destroy the said Consolidated Company. That they succeeded in accomplishing this result and, in 1910, caused the Consolidated Street Lighting Company to discontinue its operations and abandon its business; the result being that the business has been destroyed and the stock is worthless. The bill also alleges that prior to this suit, the plaintiff demanded of the officers of the Consolidated Company that they would bring an action asking relief similar to that now demanded, but they have refused to bring such action. It is alleged that but for the unlawful acts of the defendants, the property, good will and assets prior to the commencement of this suit would have been worth $1,000,000.

The foregoing statement shows sufficiently the intent and purpose of the action.

The question presented by these motions, briefly stated, is whether, when it appears that a number of individuals and corporations have conspired together to wreck a corporation and have succeeded in doing so, a single minority shareholder of such corporation, after the directors and majority shareholders have declined to act, can maintain a suit in equity and recover threefold damages against the conspirators under section 7 of the Anti-Trust Act.

So far as the seventh section of the act is concerned, it has been uniformly construed to refer only to an action at law. It permits a person—which word, by the eighth section, includes a corporation—to bring an action at law to recover treble damages. Nowhere in the act is the right given to an individual to proceed in equity. Blindell v. Hagan (C. C.) 54 Fed. 40; s. c., 56 Fed. 696, 6 C. C. A. 86; Greer, Mills & Co. v. Stoller (C. C.) 77 Fed. 1; Gulf, C. & S. F. Ry. Co. v. Miami S. S. Co., 86 Fed. 407, 30 C. C. A. 142; National Fire Proofing Company v. Mason Builders' Association et al., 169 Fed. 259, 94 C. C. A. 535, 26 L. R. A. (N. S.) 148.

In National Fire Proofing Co. v. Mason, cited above, the Circuit Court of Appeals for this circuit said, at page 263 of 169 Fed., at page 539 of 94 C. C. A. (26 L. R. A. [N. S.] 148):

"With respect to the federal statute, it is not obvious in what way a trade agreement between builders and bricklayers, relating to their work in the state of New York, can be said to directly affect interstate commerce; but the consideration of this question is not necessary, because a person injured by a violation of the federal act cannot sue for an injunction under it. The injunctive remedy is available to the government only. An individual can only sue for threefold damages."

These authorities would seem to dispose of these motions. An individual cannot maintain a suit in equity under the Anti-Trust Act. The complainant is an individual, and this is such a suit. An individual can sue only for threefold damages under the act, and this must be in a suit at law. The complainant here is suing for threefold damages in a suit in equity. The defendants are entitled to have the facts passed on by a jury, but here they

are deprived of such right. In short, the complainant is asking relief under a statute, the provisions of which he has failed to follow.

The Consolidated Company could bring an action at law under the permission implied in section 8, but where in the law is the right given to a single shareholder to maintain such an action? A law which grants such drastic relief must be strictly construed; the right to maintain an action not mentioned in the law cannot be implied. It will not do to say that the extraordinary remedy here invoked is necessary and should be implied. If such tremendous power is to be given a single shareholder, the appeal should be made to the legislative and not the judicial branch of the government. It is unnecessary to determine whether a single shareholder can maintain an action at law under the seventh section for the reason that this is not such an action. Other questions have been discussed but I do not deem it essential or wise to extend this decision beyond the precise point involved.

What I decide is that an equity suit cannot be maintained under section 7 of the Anti-Trust Act by a single stockholder to recover threefold damages for injuries sustained by his corporation.

The motions to dismiss the bill are granted.

Hirsch, Scheuerman & Limbury, of New York City (Henry L. Scheuerman, of New York City, of counsel), for appellant.

Hatch & Sheehan, of New York City (Edward W. Hatch, of New York City, of counsel), for appellees.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

PER CURIAM. The opinion of Judge Coxe, sitting in the District Court, which sufficiently sets forth the allegations of the bills and in which we concur, will be found above.

[1] We are clearly of the opinion that an action to recover treble damages under section 7 of the act must be an action at law, where defendants have the constitutional right to a jury trial.

[2] The sole relief prayed in these bills is that the defendants, other than the Consolidated Company, be decreed to pay over to the Consolidated Company treble the damages it has sustained by some violation of the Sherman Act. We find no authority which gives to a court of equity the jurisdiction to make such a decree. There is no prayer for relief which would warrant such a construction of the bill as would merely require the Consolidated Company to sue the other defendants for treble damages under the statute.

We think the dismissal was proper, and affirm the decrees, with costs.