UNITED COPPER SECURITIES CO. et al. v. AMALGAMATED COPPER CO. et al.

(Circuit Court of Appeals, Second Circuit. April 13, 1915.)

No. 219.

CORPORATIONS ⊕⟹204—STOCKHOLDERS—RIGHT TO SUE IN NAME OF CORPORATION.

A stockholder cannot maintain an action at law in the name of the corporation to recover money damages or specific property, on the refusal of the corporation to bring the action.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 783–790; Dec. Dig. ⊕⟹204.]

In Error to the District Court of the United States for the Southern District of New York.

F. E. M. Bullowa, of New York City, for plaintiffs in error.
Louis Marshall and Shearman & Sterling, all of New York City (John A. Garver, of New York City, of counsel), for defendants in error.

Before COXE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. This is an action at law by two stockholders of the United Copper Company, on behalf of themselves and all other stockholders of that company, averring that they had asked the defendant the United Copper Company to bring the suit and it had refused to do so, to recover treble damages under section 7 of the Sherman Act of July 2, 1890 (26 Stat. 210, c. 647), from certain of the individual and corporate defendants on the ground of conspiracy to create a monopoly in the interstate commerce and trade in copper produced in the state of Montana. The complaint alleges that certain of the defendants obtained the control of a large number of copper

mines in that state, theretofore competing with each other, and operated them as a trust by means of the defendant the Amalgamated Copper Company; that there were at the same time a number of other copper companies in Montana controlled by one F. A. Heinze and his brothers, which in the year 1902 were put under the control of the defendant the United Copper Company, from and after which date the defendant the Amalgamated Copper Company and others of, the defendants combined to destroy its business and so get absolute control of the interstate commerce and trade in the copper industry of Montana. By a series of illegal acts, not necessary to specify, it was further alleged that the conspirators did procure the sale to them of all but one of the copper mines controlled by the defendant the United Copper Company at a price less than one-third of their value, leaving only a few insignificant independent companies mining and dealing in copper in Montana, and have destroyed the credit and standing of the United Copper Company and greatly reduced the profits of its business.

Demurrers were filed by the defendants on the ground that the complaint did not state facts sufficient to constitute a cause of action, and that the plaintiffs' remedy, if any, was in equity. Judge Lacombe, upon motion to dismiss the complaint on the pleadings under section 547 of the Code of Civil Procedure of the state of New York, sustained the demurrers and dismissed the complaint, whereupon the plaintiffs sued out this writ of error.

It is quite clear, and, indeed, the plaintiffs concede it to be so, that the cause of action set up belongs to the United Copper Company, defendant. The cause of action is one conferred by section 7 of, the Sherman Act in tort for treble damages. We have held that it cannot be maintained at all in equity. Fleitman v. United Gas Co., 211 Fed. 103, 128 C. C. A. 31. The sole question therefore is: Can a stockholder maintain it in right of the corporation at law? The case of Metcalf v. American School Furniture Co. (C. C.) 108 Fed. 909, affirmed 113 Fed. 1020, 51 C. C. A. 599, greatly relied upon by the plaintiffs, does not apply because in it the complainant sought to recover treble damages for herself, individually, together with equitable relief for the corporation. The bill for that reason was dismissed as multifarious. It must be admitted that in Sheridan v. Electric Light Co., 38 Hun (N. Y.) 396, a stockholder sued at law upon a cause of action belonging to the corporation which had refused to do so. Curiously enough, Daniels, J., sustained the action on the ground that a stockholder had such a right in equity:

"For where the officers of a corporation charged with that duty refuse to prosecute an action in a proper case, or the corporation itself is under the control of the officers whose misconduct is to be made the subject of the action, the stockholders 'have a standing in a court of equity to sue in their own names, making the corporation a party defendant.' Brinckerhoff v. Bostwick, 88 N. Y. 52, 56; Young v. Drake, 8 Hun, 61; Hawes v. Oakland, 104 U. S. 450 [26 L. Ed. 827]."

We are not persuaded by Morrill v. Little Falls Co., 46 Minn. 260, 48 N. W. 1124, which does sustain the plaintiffs' contention. We think that a stockholder's right to assert a cause of action belonging

to the corporation depends upon allegations that the corporation is acting fraudulently, in breach of trust, or ultra vires. For this reason he must go into equity. On the other hand, there appears to us to be no ground for holding that stockholders may bring actions at law in the name of the corporation to recover money damages or specific property whenever the corporation refuses to do so. Ames v. American Telegraph & Telephone Co. (C. C.) 166 Fed. 820. Such a practice would be likely to create great confusion and tend unnecessarily to take away from the corporation the management of its own affairs.

The judgment is affirmed.