SAMUEL R. GOETZ, on Behalf of Himself and All Other Stockholders of NEW YORK CAR WHEEL COMPANY, Plaintiff, *v.* MANUFACTURERS AND TRADERS TRUST COMPANY and Others, Defendants.

Supreme Court, Erie County, March 11, 1935.

*Albrecht, Maguire & Mills* [*Edward N. Mills* of counsel], for the plaintiff.

*Locke, Babcock, Hollister & Brown* [*Harold S. Brown* of counsel], for the defendants Manufacturers and Traders Trust Company and others.

*Morey & Schlenker* [*Edward C. Schlenker* of counsel], for the defendant New York Car Wheel Company.

HARRIS, J. Motion on behalf of the plaintiff for preference under rule VIII of the Rules of the Supreme Court, Erie county.

Motion by the defendants for an order striking this action from the calendar for causes triable by jury.

The portion of rule VIII which the plaintiff claims is applicable to this action reads as follows: " 4. Actions to recover the purchase price of personal property sold, including agreements incident to such sale."

The reason advanced by the defendants for striking the cause from the jury calendar is that the cause is one in equity and, therefore, not one triable by jury as a matter of right.

In order to determine both motions it is necessary to examine the complaint. That pleading alleges in substance that the plaintiff is a stockholder in the defendant New York Car Wheel Company

and is suing on behalf of himself and all other stockholders of the said company; that at a certain time the said company sold and delivered to the defendants other than the New York Car Wheel Company certain shares of capital stock of Houde Engineering Corporation, and that although the New York Car Wheel Company has duly performed all its obligations under the said contract the other defendants have neglected and refused to pay a certain portion of the purchase price of such Houde Engineering Corporation stock; and that the board of directors of the defendant New York Car Wheel Company, although requested to bring this action on behalf of their company, have refused so to do. The demand for judgment is one for money only. There is no doubt that if the action were brought by the defendant New York Car Wheel Company as plaintiff the action would be one at law and triable as a matter of right by jury. However, the action, being brought on behalf of the stockholders, is not one that falls within the constitutional assurance of jury trial. The cases show that the origin of the type of action brought herein is one that arose through the application of equitable rules by courts of chancery in order to protect the interests of corporations when those interests were not protected by the directors. (*Isaac* v. *Marcus*, 258 N. Y. 257; *Smith* v. *Hurd*, 53 Mass. 371; *United Copper Securities Co.* v. *Amalgamated Copper Co.*, 223 Fed. 421; affd., 244 U. S. 261.)

Therefore, it becomes necessary to grant the motion to strike the cause from the jury calendar and to deny the motion for preference thereof.