MARGARET ESPACH et al., Appellants, et al., Suing on Their Own Behalf as Stockholders and for the Benefit of All Other Stockholders of the Nassau & Suffolk Lighting Company Similarly Situated, Plaintiffs, *v.* NASSAU & SUFFOLK LIGHTING COMPANY et al., Respondents.

Argued October 20, 1943; decided October 20, 1944.

*Percival E. Jackson, C. Walter Randall* and *Milton Pinkus* for appellants. I. Long Island Lighting must account for purchases from its subsidiary by the standards adopted and employed by the corporations in dealing between themselves. Errors and omissions in computing the price may not be justified or condoned by refuge in some different standard. (*City Bank F. T. Co.* v. *Hewitt Realty Co.,* 257 N. Y. 62; *Pollitz* v. *Wabash R. R. Co.,* 207 N. Y. 113; *Gamble* v. *Q. C. W. Co. et al.,* 123 N. Y. 91; *Hopwood Plays, Inc.,* v. *Kemper,* 263 N. Y. 380; *Holtz* v. *Schmidt et al.,* 59 N. Y. 253; *Winkelman* v. *General Motors Corporation,* 44 F. Supp. 960; *Gallin* v. *National City Bank of New York,* 152 Misc. 679, 155 Misc. 880; *Consolidated Fruit Jar Co.* v. *Wisner,* 103 App. Div. 453; *Gutchess* v. *Daniels et al.,* 49 N. Y. 605.) II. The increment cost method is not a proper means of determining a fair price and in no event was it available in passing upon that issue as between Nassau & Suffolk and Long Island Lighting. (*Dayton P. & L. Co.* v. *Comm'n,* 292 U. S. 290; *Nor. Pac. Ry. Co.* v. *North Dakota,* 236 U. S. 585; *Banton* v. *Belt Line Ry.,* 268 U. S. 413; *Re N. Y. State Elec. & Gas Corp.,* 6 P. U. R. [N. S.] 113.) III. The corporate opportunity doctrine would have prevented Long Island Lighting from appropriating the gas on an increment cost basis. (*Guth* v. *Loft, Inc.,* 5 A. 2d 503; *Blake* v. *Buffalo Creek R. R. Co.,* 56 N. Y. 485; *Red Top Cab Co.* v. *Hanchett,* 48 F. 2d 236; *Irving Trust Co.* v. *Deutsch,* 73 F. 2d 121.) IV. The errors and omissions in computation resulted in a loss to the subsidiary and a profit to the parent for which no accounting has been made. (*Wheeler* v. *Abilene Nat. Bank Co.,* 159 F. 391.) V. The dismissal as to defendant directors was error. (*Kavanaugh* v. *Commonwealth Trust Co.,* 223 N. Y. 103; *Manson*

v. *Curtis,* 223 N. Y. 313; *German American Coffee Co.* v. *Diehl,* 86 Misc. 547, 168 App. Div. 913; *Saunders et al.* v. *Reilly,* 105 N. Y. 12.)

*Stephen Callaghan, Ralph Stout* and *Thomas A. Gaffney* for Ellis L. Phillips and others, respondents. Plaintiffs made out no cause of action against the defendants. (*Gamble* v. *Q. C. W. Co. et al.,* 123 N. Y. 91; *Blaustein* v. *Pan American Petroleum & Transport Co.,* 263 App. Div. 97; *Levy* v. *American Beverage Corp.,* 265 App. Div. 208; *Weinberger* v. *Quinn,* 264 App. Div. 405, 290 N. Y. 635; *Marony* v. *Applegate,* 266 App. Div. 412.)

*Charles G. Blakeslee, John J. Donohue, John C. Bruckmann* and *Charles E. Elbert* for Long Island Lighting Company, respondent. I. Nassau & Suffolk made a large profit in selling gas to Long Island. II. Long Island always paid a fair market price for gas purchased from Nassau & Suffolk. (*Hine* v. *Lausterer,* 257 N. Y. 523; *Weed* v. *Lyons Petroleum Co.,* 294 F. 725, 300 F. 1005.) III. It would have been illegal and unlawful to have established higher prices for gas sold by Nassau & Suffolk to Long Island than those fixed by contract. (*Re Queens Borough Gas & Electric Company,* 39 P. U. R. [N. S.] 65; *Berkey* v. *Third Avenue Railway Co.,* 244 N. Y. 84; *Purcell* v. *New York Central R. R. Co.,* 268 N. Y. 164; *Murphy* v. *N. Y. C. R. R. Co.,* 225 N. Y. 548; *Adler* v. *Chicago & Southern Air Lines,* 41 F. Supp. 366; *Texas & Pac. Ry.* v. *Abilene Cotton Oil Co.,* 204 U. S. 426; *Balt. & Ohio R. R.* v. *Pitcairn Coal Co.,* 215 U. S. 481; *New York Telephone Co.* v. *Maltbie,* 291 U. S. 645.)

LEHMAN, Ch. J. In the case of *Chelrob, Inc.,* v. *Barrett* (293 N. Y. 442) decided herewith, holders of preferred stock of Queens Borough Gas & Electric Company (hereinafter referred to as " Queens ") challenged the fairness and adequacy of the price which Nassau & Suffolk Lighting Co. (hereinafter referred to as " Nassau ") paid to Queens for gas manufactured by Queens and sold to Nassau. Nassau resold to Public Service Corporation of Long Island and to Long Island Lighting Company part of the gas it bought from Queens. Preferred stockholders of Nassau have challenged in three actions thereafter consolidated, the fairness and adequacy of the price paid by Long Island for this gas. In our opinion in *Chelrob, Inc.,* v. *Barrett* (decided herewith) we have discussed the relations of

the three corporations and the influence and control which Long Island Lighting Company exercised over the other two.

In each case the price was fixed by boards of directors having common members — all selected by Long Island Lighting Company, but acting in good faith with a desire to promote the interests of each corporation concerned and fairly to both. In each case, too, the price was fixed after consideration of reports by competent engineers retained by Long Island Lighting Company. The price of the gas supplied by Queens to Nassau was set aside because the court found that it was inadequate and unfair to Queens. In the consolidated action challenging the fairness and adequacy of the price paid to Nassau for gas it supplied to Public Service Corporation of Long Island and to Long Island Lighting Company, the court found that "each paid a fair market price for all gas purchased from Nassau & Suffolk Lighting Company, and by reason of said transactions Long Island Lighting Company made no improper profit." On that ground the court dismissed the complaint on the merits.

The finding in favor of the defendants was affirmed by the Appellate Division, and the plaintiffs do not seriously dispute that the evidence shows that Nassau obtained substantial benefit from the transaction. They contend, however, that the price fixed by the directors was based upon erroneous calculations made by engineers and that if the price had been accurately calculated, the price would have been higher and the profit to Nassau greater. Whatever may have been the method by which the price fixed by the directors was calculated, and whatever errors may have entered into the calculations, it still remains true that Nassau made a substantial profit from the transaction and Long Island Lighting Company gained no unfair advantage. That is the test which must be applied in a case like this, where the common directors acted honestly, seeking to arrive at a fair price, and both corporations benefited by the transaction. The plaintiffs, we assume, showed that in fixing the price the defendants had a fiduciary duty to Nassau to seek to promote its interests. They have not shown a breach of that duty or detriment to Nassau.

The judgment should be affirmed, with costs. (See 293 N. Y. 859.)

LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

**Judgment affirmed.**