Joseph Liff, J.
In this action presently on the Special Term Part III calendar of this court, plaintiff moves for an order striking defendant’s jury demand. Plaintiff premises his argument on CPLR 4101 and section 61 of the General Corporation Law, asserting that these provisions do not permit a jury trial of the issues raised by the pleadings.
We have reached the conclusion that in an action such as that here a party would be entitled to a jury trial for the reason that *890 the plaintiff “ demands and sets forth facts which would permit a judgment for a sum of money ” (CPLR 4101, subd. 1). That conclusion is determinative of the motion. However, because of the questions raised a further discussion of the subject is indicated.
The action is brought by a stockholder of the corporation which he joins as a defendant because of its interest in the outcome of the action but he seeks no relief against it. The claim he asserts is on behalf of the corporation and whatever he may recover would be for its benefit. Thus, this is a stockholder’s derivative action which was created by equity to afford relief by means of a remedy which had not theretofore existed (Isaac v. Marcus, 258 N. Y. 257; Callanan v. Keesville, Ausable Chasm & Lake Champlain R. R. Co., 199 N. Y. 268, 285). From these circumstances, plaintiff urges that this is an equitable action in which a jury may not be had and in support of his contention he cites among others Goetz v. Manufacturers & Traders Trust Co. (154 Misc. 733) and Bookbinder v. Chase Nat. Bank of City of N. Y. (244 App. Div. 650).
The Supreme Court of the United States had this same question before it in Ross v. Bernhard (396 U. S. 531, 534) and recognized the nature of the suit when they said: “The remedy made available in equity was the derivative suit, viewed in this country as a suit to enforce a corporate cause of action against officers, directors and third parties.”
In paraphrasing Mr. Justice Holmes’ decision in Fleitmann v. Welsbach Co. (240 U. S. 27), the court stated in Ross v. Bernhard (supra, p. 538) that “ legal claims are not magically converted into equitable issues by their presentation to a court of equity in a derivative suit ’ ’ and while the ‘ ‘ corporation is a necessary party to the action ” and is named as a defendant because “without it the case cannot proceed ”, it continues to be “ the real party in interest, the stockholder being at best the nominal plaintiff.”
We have abolished distinctions between causes of action at law and in equity and the court, after passing on the stockholder’s right to sue may try what is in fact the corporation’s claim for injury (Ross v. Bernhard, supra, pp. 539-540; cf. CPLR 103). In similar vein, the court in Isaac v. Marcus (258 N. Y. 257, 264, supra), said: “ Courts of equity will, at the suit of a stockholder, interpose their powers to remedy or prevent a wrong to a corporation by its officers or directors when the corporation, because it is controlled by the wrongdoers or for other reason, fails and refuses to take appropriate action for its own protection. The remedy sought is for wrong done *891 to the corporation; the primary cause of action belongs to the corporation; recovery must enure to the benefit of the corporation. The stockholder brings the action, in behalf of others similarly situated, to vindicate the corporate rights and a judgment on the merits is a binding adjudication of these rights. (Grant v. Greene Consolidated Copper Co., 169 App. Div. 206; affd., 223 N. Y. 655.) ”
The existence in the complaint of a request for equitable relief does not destroy the right to a trial by jury where judgment for a sum of money is sought (Vinlis Constr. Co. v. Roreck, 23 A D 2d 895). The right to a jury trial preserved by the Seventh Amendment to the United States Constitution is guaranteed by our State’s Constitution (art. I, § 2).
This is not one of those actions described in sections 60 and 61 of the General Corporation Law (cf. Bookbinder v. Chase Nat. Bank of City of N. Y., 244 App. Div. 650 supra) wherein the Legislature gave the Attorney-General and others (but not a shareholder) the right to bring an action to redress a wrong done to a corporation. For emphasis and clarity we repeat that the instant action is a stockholder’s derivative suit which was created by equity. The distinction is plain. We say most respectfully that we have some difficulty in following the reasoning of the court in Bookbinder v. Chase Nat. Bank of City of N. Y. (supra). As we have noted above, the court there decided that a derivative stockholder’s action was not one of those contemplated by section 61. Having come to that conclusion and recognizing that the issue of negligence might be tried to a jury in the actions described in sections 60 and 61 of the General Corporation Law, the court then reasoned (p. 651) that a derivative stockholder’s action could not be “included by implication among those specified in section 61 of the General Corporation Law,, which provides for the right of trial by jury of the issues of negligence ”. It based its determination on the fact that since a jury trial was expressly permitted on the issue of negligence in the actions referred to in sections 60 and 61 of the General Corporation Law, the Legislature might very readily have referred to a derivative action as one of those in which a similar right to the jury trial could have been given had it so intended. Thus ignoring, it seems to us, its finding that a stockholder’s derivative action was not covered by the two statutes referred to. The court said (p. 652) had the Legislature “intended to extend the right of trial by jury to others than those named in actions founded upon the provisions of section 60, no difficulty would have been encountered in finding appropriate words to cover *892 stockholders ’ derivative actions ”, completely overlooking that these sections of the General Corporation Law had nothing to do with stockholders’ derivative actions. It seems to us that the conclusion that the Legislature had not made any provision for stockholders’ derivative actions more readily follows from the fact that such an action was not one of those contemplated by section 61. Nor do we determine here whether in view of the decision by the United States Supreme Court in Ross v. Bernhard (supra), a jury trial can be denied to the parties in the actions provided for in sections 60 and 61. Furthermore, the legislative intention is not so clear for while .section 61 of the General Corporation Law provides that the issue of negligence in an action enumerated in section 60 shall be “ triable of right by a jury”, does it follow that the right to a trial by jury is confined solely to that issue? Such a conclusion can be reached only by implication, and indulgence which is open to question.
However, here the plaintiff seeks a judgment for a sum of money only and it is an action at law which is not converted magically ’ ’ into equity. In North v. Ringling (187 Misc. 621, 625) it was recognized that if the corporation had brought the action it would be one at law but the court held that because it was a derivative suit it was an action in equity. That reasoning must be abandoned at this time if it were held to preclude the right to a jury.
Plaintiff’s complaint seeks a money judgment for fraudulently misappropriated corporate funds and therefore is an action in fraud. Whether the cause of action which is the gravamen of his lawsuit is described in fraud, misappropriation, conversion, money had and received, etc., the fact remains that the sole relief demanded is a judgment for a sum of money, Although there is only one form of civil action, the distinctions between actions at law and suits in equity having been abolished, the court must look to the pleadings to determine the right to & jury trial. Both courts of equity and law had concurrent jurisdiction in cases of fraud. The ‘ ‘ jurisdiction of the law court, or the law side of the court, affords relief in cases of fraud on many of the general bases on which actions at law are founded. The action most frequently employed at law for redress of fraud is the tort action of deceit for damages ”. (24 N. Y. Jur., Fraud and Deceit, § 217.) On the equity side, ‘ ‘ Fraud is a well-recognized ground for equitable relief. * * * The remedy most frequently employed in equity to secure relief from fraud is that of rescission * * *. Another remedy invoked is that of reformation * * *. Other equi *893 table remedies invoked against the effect of fraud are the impressing of property obtained by fraud with a trust in favor of the defrauded person, such trust usually being referred to as a constructive or fraud-preventing trust * * * the use of principles of accounting, and, in appropriate instances, the granting of an injunction.” (24 N. Y. Jur., Fraud and Deceit, § 223.) It is clear that fraud actions brought in equity enable complainants to seek more complete remedies than would be available in an action at law.
Here plaintiff does not request the unique remedies afforded by equity for fraud such as rescission, reformation, accounting or a constructive trust. His interest lies in securing a money judgment based upon fraudulent conduct and is therefore an action at law triable by jury (see CPLR 4101, subd. 1). His reference in the ad damnum, clause in which he asks that a defendant be made “ to account” adds nothing to the basic nature of his complaint. It is not an action in accounting and he seeks no relief which a court of equity alone may grant. For all of the foregoing reasons we disagree with the conclusion of the court in Goetz v. Manufacturers & Traders Trust Co. (154 Misc. 733). (To the same effect as Goetz, see 20 Carmody-Wait 2d, New York Practice, § 121:136.) Therefore, to stockholders ’ derivative suits the right of the plaintiffs to a jury on what is in fact the corporation’s cause of action is to be judged as if the corporation itself were the plaintiff and the right to the jury trial would attach to those issues as to which it would have been entitled to a jury. The motion is denied.