**Donald E. LEWIS, Plaintiff-Appellant, Cross-Appellee,**

v.

**S.L. & E., INC., Alan E. Lewis, Leon E. Lewis and Richard E. Lewis, Defendants-Appellees, Cross-Appellants.**

**Nos. 1261, 1360, Dockets 87–7135, 87–7143.**

United States Court of Appeals, Second Circuit.

Submitted Aug. 12, 1987.

Decided Oct. 8, 1987.

James L. Hamilton, Cleveland, Ohio (Epp & Hamilton, Cleveland, Ohio, on briefs), for plaintiff-appellant, cross-appellee.

Charles B. Kenning, Rochester, N.Y. (Kaufman-Kenning, Rochester, N.Y., Kenning & Edelman, Rochester, N.Y., on briefs), for defendants-appellees, cross-appellants.

Before MESKILL, KEARSE, and ALTIMARI, Circuit Judges.

KEARSE, Circuit Judge:

In this appeal, their fourth trip to this Court in this stockholder derivative suit, the parties attack a final judgment of the United States District Court for the Western District of New York, John T. Curtin, *Chief Judge*, which, *inter alia*, (1) awarded the corporate defendant S.L. & E., Inc. ("SLE"), $129,919.88 against the individual defendants to remedy their waste from 1966 through 1972 of the assets of SLE; (2) out of this sum, awarded disbursements

to plaintiff Donald E. Lewis ("Donald") and fees to his attorneys; and (3) evaluated Donald's shares in SLE, after SLE's net recovery herein, at $19,531.74 and, in return for payment of that amount, ordered Donald to transfer his shares to a company related to SLE, pursuant to a 1962 shareholders' agreement. Donald has appealed, contending principally that the court erred in calculating SLE's injury, in failing to award prejudgment interest on the $129,-919.88 actually awarded, and in determining the attorneys' fees to be awarded him. Defendants, including SLE, have cross-appealed, contending principally that the individual defendants did not waste the assets of SLE, that the court awarded Donald too much in disbursements and attorneys' fees, and that the court should have imposed sanctions on Donald pursuant to Fed.R. Civ.P. 11. We find merit only in the contention that the district court erred in not requiring the individual defendants to pay prejudgment interest to SLE on the amount awarded to remedy their waste of its assets.

## BACKGROUND

This action was commenced in 1973. Its pertinent history through trial is set forth in *Lewis v. S.L. & E., Inc.*, 629 F.2d 764 (2d Cir.1980) ("*Lewis II*"), familiarity with which is assumed. In *Lewis II*, we determined that the individual defendants, who were shareholders and directors of SLE, bore, and had failed to sustain, the burden of proving that the rent they caused their other corporation to pay SLE for use of the latter's building was fair and reasonable, and we remanded the matter to the district court

(a) for the entry of judgment in favor of SLE against [the individual defendants], jointly and severally, in such amount as the district court shall determine to be equal to the amounts by which the annual fair rental value of the [SLE] Property exceeded $14,400 in the period February 28, 1966—June 1, 1972, (b) for an accounting as to the value of Donald's SLE shares as of June 1, 1972, in light of such judgment, (c) for an order, following such accounting, of specific performance

of the shareholders' agreement, and (d) for such other proceedings as are not inconsistent with this opinion.

629 F.2d at 773.

Following the remand, the district court conducted further proceedings and entered a nonfinal judgment dated January 9, 1984 ("1984 Judgment"), which, *inter alia*, ruled that the total amount by which the fair rental value of SLE's property exceeded the rental set by the individual defendants was $129,919.88. The 1984 Judgment was not final because (a) it did not determine how much should be deducted from that amount for an award to Donald as attorneys' fees for the successful prosecution of the derivative suit, and (b) it did not, therefore, finally determine the value of Donald's shares. Notwithstanding the lack of finality, both sides immediately appealed, with Donald contending that the district court's monetary awards were too low, and defendants contending that there had been no waste of SLE's assets and that the district court's monetary awards were too high. We dismissed that appeal for lack of appellate jurisdiction. In so doing, we pointed out one aspect of the 1984 Judgment that was plainly flawed, and we stated that the parties' other contentions appeared to have no merit. *Lewis v. S.L. & E., Inc.*, 746 F.2d 141 (2d Cir.1984) ("*Lewis III*").

Following that dismissal, the district court conducted proceedings with regard to attorneys' fees and entered a judgment dated January 8, 1987 ("1987 Judgment"), which finally concluded the litigation (and corrected the flaw pointed out in *Lewis III*). These appeals followed.

## DISCUSSION

In their present appeals, both sides have revived the arguments they made in *Lewis III* and have attacked the court's rulings on attorneys' fees. We have reviewed all of their arguments and find no merit in any of their challenges other than Donald's challenge to the failure of the 1987 Judgment to include an award to SLE of prejudgment interest on the $129,919.88 by which the

individuals had caused SLE to be underpaid rent for the period 1966–1972.

Section 5001(a) of the New York Civil Practice Law and Rules ("CPLR"), which governs in this diversity action, *see Spector v. Mermelstein*, 485 F.2d 474, 481 (2d Cir. 1973), provides that prejudgment interest

> shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion.

CPLR § 5001(a) (McKinney 1963). The purpose of § 5001(a)'s award of prejudgment interest in property actions is "to assure complete indemnification to plaintiffs whose property ha[s] been damaged by the wrongful act of another." 5 J. Weinstein, H. Korn & A. Miller, *New York Civil Practice* ¶ 5001.05, at 50–18 to 50–19 (1987). In such actions, a successful plaintiff is entitled to prejudgment interest as of right. Defendants argue, however, that the present action, as a stockholder derivative action, is equitable in nature and thus we should affirm the failure to award SLE prejudgment interest as a decision that was within the proper bounds of the district court's discretion. We disagree because (A) the action is more properly categorized as one asserting a claim in law for the loss of enjoyment of property, and an award of prejudgment interest was thus mandatory, and (B) even if the action be viewed as one in equity, the record reveals that interest would have been granted as a matter of discretion were it not for the district court's misconstruction of our decision in *Lewis II.*

We do not believe that Donald's claim that the individual defendants wasted SLE's assets is properly viewed, under CPLR § 5001(a), as a claim that is equitable in nature. A derivative action has a dual nature. The derivative mechanism invokes the equitable powers of the court in that a stockholder is allowed to pursue a claim on behalf of his corporation; but to

the extent that the claim itself would be viewed as one in law rather than in equity if asserted by the corporation itself, the action may properly be viewed as one of a legal nature. Thus, in *Ross v. Bernhard*, 396 U.S. 531, 532–33, 538, 90 S.Ct. 733, 734–35, 738, 24 L.Ed.2d 729 (1970), the Supreme Court ruled that a derivative suit plaintiff was entitled to a jury trial with respect to claims that were legal in nature: "legal claims are not magically converted into equitable issues by their presentation to a court of equity in a derivative suit." This analysis has been adopted by at least one New York court. *See Fedoryszyn v. Weiss*, 62 Misc.2d 889, 889–91, 310 N.Y. S.2d 55, 56–57 (Sup.Ct.Nas.County 1970).

In granting a jury trial to a derivative suit defendant sued for misappropriation of corporate funds, the *Fedoryszyn* court reasoned that the plaintiff's claim was essentially legal in nature since, if upheld, it would result in a judgment for money damages, as contrasted with equitable relief such as rescission or an accounting. *Id.* at 892, 310 N.Y.S.2d at 59 (where "plaintiff seeks a judgment for a sum of money only ... it is an action at law which is not converted 'magically' into equity"). This Court similarly has looked to the nature of the relief demanded in fathoming the legal or equitable nature of a claim, and has done so in the course of analyzing whether an award of prejudgment interest was mandatory or discretionary under CPLR § 5001(a). In *Spector v. Mermelstein*, 485 F.2d at 481–82 & n. 8, we noted *obiter* that even on a claim with equitable underpinnings, such as one for breach of fiduciary duty, prejudgment interest would be mandatory where the only relief sought was compensatory damages. And in *United Bank Ltd. v. Cosmic Int'l, Inc.*, 542 F.2d 868, 877–79 (2d Cir.1976), we noted that "[t]he policy of ... section [5001] is to facilitate the award of interest ...,'" *id.* at 878 (quoting *Spector v. Mermelstein*, 485 F.2d at 482), and held that even if the suit were "basically an interpleader action, and, as such, [was] of an equitable nature," 542 F.2d at 878, the claimants who won recovery of the proceeds of the sale of

goods were entitled to prejudgment interest under § 5001(a) as a matter of right.

Although neither *Spector v. Mermelstein* nor the *United Bank* case was a derivative action, and although *Ross* and *Fedoryszyn*, both derivative actions, did not involve prejudgment interest issues, the analysis used in these cases seems equally applicable to the question of whether prejudgment interest is mandatory in a derivative action of the type brought here. If the corporation itself were to seek money damages from its directors for causing the corporation to receive less than a reasonable rental value for its property, its action would plainly be a legal one for interference with its enjoyment of its property; and if the corporation recovered on its claim, it would, under the terms of § 5001(a), be entitled to prejudgment interest as a matter of right. In a successful derivative suit as in a direct suit, the recovery goes to the corporation, and we can see no basis in logic for concluding that the corporate beneficiary of the derivative action has any less entitlement to prejudgment interest than if it had brought suit directly. Indeed, to the extent that the reason the corporation has not sued directly is that it is managed by the very persons who are responsible for the corporation's loss, the denial of prejudgment interest in the successful derivative suit would reward the wrongdoers for perpetuating their wrong.

Although we are aware of one case that appears to have treated a stockholder derivative action as equitable for purposes of § 5001(a), *see Sandfield v. Goldstein,* 33 A.D.2d 376, 382, 308 N.Y.S.2d 25, 32 (3d Dep't 1970), our conclusion that a corporation awarded damages on a legal claim in a derivative suit brought for its benefit is entitled to prejudgment interest on that recovery as a matter of right under § 5001(a) is supported by the most recent pertinent New York case of which we are aware. In *Mel-Stu Const. Corp. v. Melwood Const. Corp.,* App.Div., 517 N.Y.S.2d 87, 89 (2d Dep't 1987), a stockholder derivative suit for conversion in which the trial court had awarded damages plus prejudgment interest, the appellate court ordered a modification of the date from which that interest was to be computed. In ordering the modification, the court applied CPLR § 5001(b), which applies only to prejudgment interest awarded as of right.

In the present action, Donald's complaint alleged that the individual defendants, by causing their other corporation to pay SLE less than fair and reasonable rent, had wasted SLE's assets to the extent of $327,000 in the period 1962–1973, and he demanded that those individuals be required to pay damages in that amount, plus interest, to SLE. This asserted a legal claim that the individual defendants had interfered with SLE's enjoyment of its property. Accordingly, we conclude that the court was required by CPLR § 5001(a) to award SLE prejudgment interest on the $129,919.88 damage award.

Even if Donald's claim be viewed as one that was equitable in nature, however, we are required to vacate the 1987 Judgment for failing to award prejudgment interest. CPLR § 5001(a) gives the court discretion to award such interest in equitable actions, and such awards are commonplace in order to compensate the injured party for the loss, over a period of time, of the use of the property to which it was entitled. *See generally* 5 J. Weinstein, H. Korn & A. Miller, *New York Civil Practice* ¶ 5001.06, at 50–22 to 50–23; *Espach v. Nassau & Suffolk Lighting Co.,* 177 Misc. 521, 31 N.Y.S.2d 259 (Sup.Ct.Nas. County 1941) (granting prejudgment interest in stockholder derivative action as a matter of discretion under a predecessor of CPLR § 5001(a) that awarded such interest as of right only in contract actions), *aff'd mem.,* 265 A.D. 1063, 39 N.Y.S.2d 1022 (2d Dep't 1943), *aff'd,* 293 N.Y. 463, 57 N.E.2d 835 (1944). In entering judgment in the present case, the district court relied on the recommendations of the magistrate to whom the remanded issues and the attorneys' fees matters had been referred. The magistrate, during the proceedings that followed the dismissal of *Lewis III,* had stated that although an award of prejudgment interest would be appropriate, he would not recommend it because he believed this Court had fore-

closed such an award in *Lewis II*. This was an erroneous reading of *Lewis II*.

The principal issues in *Lewis II* involved the merits of Donald's claim that SLE had not received a fair rental for its building; the district court, Harold P. Burke, *Judge*, had dismissed Donald's action for failure to establish liability and thus was presented with no question as to prejudgment interest. We reversed the liability ruling and remanded for a determination of (a) the amount by which SLE had been underpaid, (b) SLE's net worth after its net recovery in this action, and (c) the value of Donald's shares. In so remanding, we did not purport to set forth definitively all of the matters that the district court would need to consider in order to enter a final judgment; rather, we stated that the district court was to conduct "such other proceedings as are not inconsistent with this opinion." Nor did we state that SLE was not entitled to prejudgment interest on the amount by which it had been underpaid; our opinion was silent on the subject of prejudgment interest and said nothing that would have been inconsistent with such an award. Accordingly, even if Donald's claim be properly viewed as an equitable one, the court was free to determine that prejudgment interest should be awarded, and it was error to decline to award such interest on the basis of *Lewis II*.

In sum, whether Donald's claim be viewed as a legal one for interference with SLE's enjoyment of its property or as an equitable one because the derivative mechanism was used, the district court should have awarded SLE prejudgment interest. Since we believe the better view is that SLE was entitled to such interest as of right, we remand for an award of such interest to SLE, calculated in accordance with CPLR §§ 5001(b) and (c).

On remand, the court will be free, if it deems it appropriate, to increase the award of fees and disbursements to Donald in light of the mandated increase in SLE's recovery. Finally, since the interest award will make the net amount to be received by SLE greater than the amount it was to receive under the 1987 Judgment, the court will be required to recalculate the value of Donald's shares and hence the price he is to receive for them under the 1962 shareholders' agreement.

## CONCLUSION

We vacate so much of the judgment of the district court as failed to award SLE prejudgment interest on its $129,919.88 recovery from the individual defendants, and we remand for the award of such interest and for recalculation of the value of Donald's shares. In all other respects, the 1987 Judgment is affirmed.

Each party shall bear his or its costs on these appeals.