| Khan v Garg |
|:---:|
| 2024 NY Slip Op 31223(U) |
| April 9, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652334/2013 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. ANDREA MASLEY                    PART                    48

                                          *Justice*

-------------------------------------------------------------------------X

RAZA KHAN,                                        INDEX NO.          652334/2013

                          Plaintiff,             MOTION DATE              --

              - v -                               MOTION SEQ. NO.         029

VISHAL GARG, EDUCATION INVESTMENT FINANCE
CORPORATION, 1/0 CAPITAL LLC, EMBARK HOLDCO I,       **DECISION + ORDER ON**
LLC,                                                        **MOTION**

                          Defendants.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 029) 1364, 1365, 1366, 1367, 1368, 1369, 1441, 1454, 1596, 1641

were read on this motion to/for        VACATE/STRIKE - NOTE OF ISSUE/JURY
                                       DEMAND/FROM TRIAL CALENDAR        .

Defendants Vishal Garg, Education Investment Finance Corporation (EIFC), 1/0 Capital, LLC and Embark Holdco I, LLC (Embark) move pursuant to CPLR 4101 and 4102 to strike the jury demand. (NYSCEF Doc. No. [NYSCEF] 1364, Notice of Motion.) The trial is scheduled to begin on May 6, 2024.

The remaining claims are: (I) corporate deadlock as to EIFC requesting that "one party … be ordered to buy out the other" (NYSCEF 335, Amended Complaint ¶¶ 151-154); (II) breach of fiduciary duty of loyalty and good faith against Garg for (i) converting EIFC's funds; (ii) falsifying EIFC's financial records; (iii) failing to file EIFC's tax returns since 2009; (vi) "failing to assign the asset purchases of the Senior Secured Term Note to EIFC"; (viii) "using EIFC's funds to benefit MRU Lending"; (ix) "improperly seizing EIFC equipment on June 24, 2013"; and (xii) "amending EIFC's tax returns with false financial information" (*id.* ¶¶ 155-159); (III) conversion against Garg and Embark for

[* 1]

"wrongfully transferr[ing] funds [or using funds] belong to EIFC and EIFC-related entities" (*id.* ¶¶ 160-168); (VII) conversion against Garg for transferring EIFC funds to another entity, MRU Lending (*id.* ¶¶ 187-190); (VIII) unjust enrichment against Garg for transferring funds belonging to EIFC (*id.* ¶¶ 191-195); and (IX) an accounting of EIFC's books and records. (*Id.* ¶¶ 196-201; *see also* NYSCEF 360, May 30, 2018 Decision and Order at 10 [decision on mot. seq. no. 012 to dismiss Amended Complaint dismissing Count IV against all defendants and Counts I, II, IV, V, VI, VII, VIII and IX against Embark]; NYSCEF 1349, April 13, 2023 Decision and Order at 13 [decision on mot. seq. no. 026 for summary judgment dismissing Count II (iv), (v), (vii), (x), (xi), (xiv), and (xv), Count V and Count VI].) Plaintiff seeks damages for Counts II, III, VII, VIII.

While the court agrees that plaintiff filed the Note of Issue late, and admittedly lost track of the filing deadline for summary judgment, the court rejects defendants' argument that plaintiff's jury demand is late. (NYSCEF 1641, Sept. 15, 2023 tr 14:7-17 [mot. seq. nos. 029, 040].) In New York, the procedure is that the jury demand is to be filed with the Note of Issue. (CPLR 3402; CPLR 4102 [a]; NYSCEF 1355, Note of Issue filed May 3, 2023 at 1.) It need not be demanded in the complaint as defendants insist.

Plaintiff did not waive a jury trial with his equitable claims. Plaintiff's derivative claim may be tried by a jury. (*Abrams v Rogers*, 1992 WL 12664210, *1 [Sup Ct, NY County 1992] ["legal claims are not magically converted into equitable issues by their presentation to a court of equity in a derivative suit" (internal quotation marks and citation omitted)], *affd* 195 AD2d 349 [1st Dept 1993]; See also *Fedoryszyn v Weiss*, 62 Misc 2d 889, 890 [Sup Ct, Nassau County 1970].) Breach of fiduciary duty is also triable by a jury. (*Miller v Epstein*, 293 AD2d 282, 282 [1st Dept 2002].) Since plaintiff

**652334/2013  KHAN, RAZA vs. GARG, VISHAL**
**Motion No.  029**

**Page 2 of 4**

seeks damages for his unjust enrichment claim, it too is triable by a jury. (*Id.*; *see* PJI 4.2 [jury charges for unjust enrichment claim].) Finally, while plaintiff asserts equitable claims – accounting and corporate deadlock – they do not destroy the predominant monetary nature of this action. (*Lipson v Dime Sav. Bank, FSB*, 203 AD2d 161, 163 [1st Dept 1994].) Plaintiff's requested relief: directing Garg "to effectuate the immediate restoration of Phoenix Real Estate Solutions Ltd.'s service contract with Activist Special Advisory Services, LLC, a subsidiary of EIFC" and to enjoin "Garg from taking any action to the detriment of EIFC in his capacity as a Board member of Embark and/or self-appointed manager of Embark Holdco I LLC, in violation of his fiduciary duties to EIFC, including but not limited to restructuring, selling and/or liquidating Embark and/or Embark Holdco I LLC" (NYSCEF 335, Amended Complaint at 31 [items B, D]), does not waive plaintiff' right to a jury since plaintiff may, and apparently has, waived such relief since EIFC is "moribund." (NYSCEF 1441, Plaintiff's MOL at 6[1].) The court finds that the "main thrust" of plaintiff's claims is for damages and damages will provide complete relief on all but Count I (corporate deadlock) which the court will decide. (*Cf. Zainal v Am.-Europe-Asia Intern. Trade and Mgt. Consultants, Ltd.*, 254 AD2d 52, 53 [1st Dept 1998]; *see Cadwalader Wickersham & Taft v Spinale*, 177 AD2d 315, 316 [1st Dept 1991].) As to Count IX, "the accounting is merely a method to determine the amount of monetary damages." *(Abrams v Rogers*, 195 AD2d 349 [1st Dept 1993].) Therefore, the jury trial shall proceed on plaintiff's legal claims.

Plaintiff's request, not in the form of a cross motion, for an advisory verdict on the equitable claim is denied.

---

[1] NYSCEF pagination.

**652334/2013   KHAN, RAZA vs. GARG, VISHAL**
**Motion No.  029**

**Page 3 of 4**

[* 4]

Accordingly, it is

ORDERED that defendants' motion is denied.

|  |  |  |  |  |
|---|---|---|---|---|
| **4/9/2024** | | | | |
| **DATE** | | | **ANDREA MASLEY, J.S.C.** | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

652334/2013   KHAN, RAZA vs. GARG, VISHAL
Motion No.  029

Page 4 of 4

4 of 4